IN THE MATTER OF THE APPLICATION OF "X" FOR A PERMIT TO CARRY A PISTOL OR REVOLVER.

Argued October 26, 1971—Decided December 13, 1971.

*Mr. Stanley L. Wang* argued the cause for plaintiff-appellant "X" (*Messrs. Meyner & Wiley,* attorneys).

*Mr. Richard F. Thayer,* Assistant Prosecutor, argued the cause for State of New Jersey defendant-respondent (*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney).

PER CURIAM: This appeal from the denial of an application for a permit to carry a handgun was argued with *Siccardi v. State of New Jersey,* 59 *N. J.* 545 (1971). The opinion in *Siccardi* was handed down today and its restrictive principles are fully governing here.

Mr. "X" whose identity remains undisclosed at his request is a diamond dealer and salesman; he views anonymity as his "one key to safety." He carries loose diamonds on his person between his New York office and his New Jersey home and on trips between his home or office and his customers' places of business. Whenever he has asked for police protection he has received it in full measure and he has never been involved in any untoward incidents. He held carrying permits during the five-year period prior to his 1970 application but never had occasion to use his handgun "other than to practice it." He has firearms in his home and office but their possession is not in issue here since his application was for permission to carry a pistol on the streets. He indicated that he would gladly surrender his diamonds if he were held up but he wanted the handgun on his person in case someone tried to harm him. He doubted that he would ever use the handgun except under "the most extreme conditions."

The County Judge denied the application under restrictive principles now set forth in *Siccardi.* We consider that he was correct in doing so. The applicant's situation does not differ materially from those confronting many businessmen and others who carry substantial funds on their persons, often in high crime areas. The appellant's home is not in a high crime area and his own experiences over the years

have not indicated any special dangers to him. He has never been assaulted or threatened and, as the expert testimony referred to in *Siccardi* indicates, his possession of a handgun in the streets would furnish hardly any measure of self-protection and would involve him in the known and serious dangers of misuse and accidental use. Accordingly the denial of his application for a carrying permit is hereby:
    Affirmed.

*For affirmance*—Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—6.

*For reversal*—None.