JOHN J. REILLY, M.D., PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

STUART BARON, M.D., PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

MICHAEL BERNSTEIN, M.D., PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

PHILIP A. LaBATE, M.D., PLAINTIFF-APPELLANT, v. STATE OF NEW JERSEY, DEFENDANT-RESPONDENT.

Argued October 26, 1971—Decided December 13, 1971.

*Mr. John N. Post* argued the cause for appellants (*Messrs. Post and Staub,* attorneys).

*Mr. Elson P. Kendall,* Assistant Prosecutor, argued the cause for respondent (*Mr. Karl Asch,* Union County Prosecutor, attorney).

*Mr. Fred H. Kumpf,* Deputy Attorney General, argued the cause for Attorney General, intervenor (*Mr. George F. Kugler, Jr.,* Attorney General of New Jersey, attorney; *Fred H. Kumpf,* Deputy Atty. Gen. and *Miss Phyllis J. Kessler,* Law Student Assistant, on the brief).

PER CURIAM. These appeals from denials of applications for permits to carry handguns were consolidated and argued with *Siccardi v. State of New Jersey,* 59 *N. J.* 545 (1971). The opinion in *Siccardi* was handed down today and its restrictive principles are fully governing here.

Dr. John J. Reilly is engaged in the practice of orthopedics and traumatic surgery. He is primarily affiliated with the Alexian Brothers Hospital in Elizabeth. In earlier years he held carrying permits but his 1970 application for a carrying permit was denied because of an insufficient showing of need. He testified that he is called upon to go to the hospital at all hours and he considers the area in which the hospital is located to be a "rather hazardous place in the evening." He has never called for a police escort because of embarrassment. He has not been involved in any untoward incidents during the past six or seven years but he did mention an incident seven or eight years ago when "four young hoodlums, whether in sport or not, I don't know, began backing me up against the wall, and shadow boxing." A police car happened to pass and he was in nowise harmed. On another occasion "some six or seven years back" some individuals broke into his car and "scattered the contents around the

neighborhood." They were subsequently apprehended by the police. Dr. Reilly has been going to the hospital area for twenty-four years and is well-known there. He has never been threatened while going to the hospital and indeed has never been the subject of any threat except perhaps during the single described incident with the four hoodlums. He testified that "material possessions mean nothing" and that he would never use the handgun to protect them though he would use it if his life were threatened.

Dr. Stuart Baron had carrying permits in 1968 and 1969 but his 1970 application was denied. He makes house calls in the Plainfield and Vauxhall areas and his bag contains narcotics; he has never been assaulted or robbed and indeed, so far as the record shows, has never been in anywise threatened. Dr. Baron testified that he would not kill to protect his "medical bag" but that he was concerned about his person and family. He considered that since his earlier applications were granted he was entitled to a carrying permit now but the County Judge concluded that he had not made a sufficient showing of need under currently governing principles.

Dr. Michael Bernstein specializes in internal medicine and cardiology and held carrying permits since 1960. His 1970 application was denied because of an insufficient showing of need. He makes frequent house calls in what he describes as "very, very poor and very widely deserted areas." He carries narcotics but testified that he would never draw the handgun to protect the narcotics or other property. He wants the handgun to prevent serious bodily harm. He has never been subjected to any untoward incident except one which occurred in New York City when he was followed to his car "by three rather large gentlemen carrying broomsticks." He testified that they broke into a dead run as he opened his car door and held his gun in view.

Dr. Philip LaBate is Chief of Surgery at Muhlenberg Hospital in Plainfield and maintains an office on Park Avenue in Plainfield. He held carrying permits in 1968 and

1969 but his application for a 1970 permit was denied because of an insufficient showing of need. There has been a general increase in crime at the hospital area but Dr. LaBate has never been attacked or threatened. His office has been criminally entered but his application was for permission to carry a handgun on the streets and did not relate to the possession of firearms at his office or home. He testified that there had been no incident during which his possession of a handgun had given him a sense of security with respect to his life or his property. He stated that if he were ever held up and asked for his bag containing narcotics, he would hand it over and that he would never use the handgun except where his personal safety "was really threatened and there was no question that bodily harm was going to be done to me at that particular time." Although Chief Campbell of the Plainfield Police Department had approved Dr. LaBate's application, he recognized that the grant of carrying permits to persons such as Dr. LaBate would not significantly contribute to their safety or to the lessening of the crime problems in the areas they traverse.

We are satisfied that the appellants did not make a sufficient showing of need within the principles set forth in *Siccardi*. Their situations are not materially distinguishable from those confronting other doctors, particularly those whose practices take them into urban areas. Their possession of handguns in the streets would, as the expert testimony referred to in *Siccardi* indicates, furnish hardly any measure of self-protection and would involve them in the known and serious dangers of misuse and accidental use. Accordingly the denials of their applications for carrying permits are hereby:

Affirmed.

*For affirmance*—Chief Justice WEINTRAUB and Justices JACOBS, FRANCIS, PROCTOR, HALL, SCHETTINO and MOUNTAIN—7.

*For reversal*—None.