216 N.J. Super. 539 (1987)
524 A.2d 469
JOHN DOE[1], PLAINTIFF-RESPONDENT,
v.
TOWNSHIP OF DOVER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 25, 1987.
Decided April 13, 1987.
*540 Before Judges DREIER and STERN.
Edmund J. Corrigan, Director of Law, Dover Township Law Department, attorney for appellant (Edmund J. Corrigan, on the brief).
Nola Trustan Longo, attorney for respondent (Nola Trustan Longo, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendant Township of Dover appeals from a Law Division order directing the issuance of a handgun permit to plaintiff after the Township's Chief of Police denied the permit.
The sole basis for the issuance of the permit was plaintiff's statement that he carried large sums of money and jewelry from his place of business in Ocean County to a secondary place of business, a repair shop he operated in Bergen County. He claimed that he was unable to obtain insurance and needed the handgun for protection. The chief of police determined that under N.J.S.A. 2C:58-4c there was no "justifiable need" for defendant to be granted the requested permit, even on a limited basis. On reapplication and after a hearing de novo in the Law Division pursuant to N.J.S.A. 2C:58-4d, the trial judge granted the permit "restricted to use solely when transporting jewelry and/or large amounts of cash to and from North Jersey and [applicant's] place of business."
N.J.S.A. 2C:58-4 basically recodified the now-repealed N.J.S.A. 2A:151-44, 44.1, 44.2, and 45. The standard of the repealed N.J.S.A. 2A:151-44 was a "need" for the weapon, rather than the present standard of "justifiable need." Reference to the report of the New Jersey Criminal Law Revision Commission indicates that the present sections were intended basically to restate the repealed statutes which were "carried forward without substantial change." 2 Final Report of the New Jersey Criminal Law Revision Commission (October 1971) at *541 370. The Supreme Court interpreted the predecessor statute in three companion cases. Application of "X", supra, Siccardi v. State, 59 N.J. 545 (1971) and Reilly v. State, 59 N.J. 559 (1971). In Application of "X" the applicant was denied a handgun permit notwithstanding a showing that he carried loose diamonds on his person between his New York office and New Jersey home and on trips between his home or office to his customers' places of business. The Court found that the situations faced by the applicant did "not differ materially from those confronting many businessmen and others who carry substantial funds on their persons, often in high crime areas." 59 N.J. at 534.
In Siccardi v. State the manager of a local movie theater contended that he was required to carry substantial sums of money from the theater to a nearby bank depository in the late evening hours and that the theater was within the perimeter of the area of a recent civil disorder in Plainfield. Further, there had been numerous incidents involving beatings and robberies in the immediate area of the theater and the applicant had received numerous telephone threats and his life had been threatened by persons confronting him at the theater and on the street. The Supreme Court noted that the word "`need' is a flexible term which must be read and applied in the light of the particular circumstances and the times." 59 N.J. at 555. The Court further explained that the Assignment Judges had designated a single judge in each county as the issuing authority under the statute in
... furtherance of a strict policy which wisely confines the issuance of carrying permits to persons specifically employed in security work and to such other limited personnel who can establish an urgent necessity for carrying guns for self-protection. One whose life is in real danger, as evidenced by serious threats or earlier attacks, may perhaps qualify within the latter category but one whose concern is with the safety of his property, protectable by other means, clearly may not so qualify. [59 N.J. at 557].
The Court then noted that there were suitable alternatives to the applicant carrying a gun and that it accepted the local police *542 chief's view that the threats were not serious in nature and did not call for any police action.
The grant of a permit to him to carry a concealed handgun on his person or in his automobile would, as all of the expert testimony indicates, afford hardly any measure of self-protection and would involve him in the known and serious dangers of misuse and accidental use. [Id. at 558].
The Court concluded:
And, finally, it may be noted that if the law is applied fairly and impartially as it must be, the grant of a carrying permit to him would call for permits to other theater managers as well as to the innumerable men in business who are obliged to carry funds and whose psychologically felt needs are no less than his. Surely such widespread handgun possession in the streets, somewhat reminiscent of frontier days, would not be at all in the public interest. [Ibid].
The last of the three cases, Reilly v. State, involved applications by four physicians who claimed that they carried narcotics in their medical bags to and from the hospitals with which they were affiliated, their offices, their patients' homes and their own. The Court determined "that the appellants did not make a sufficient showing of need within the principles set forth in Siccardi," 59 N.J. at 562 and that their situations were "not materially distinguishable from those confronting other doctors, particularly those whose practices take them into urban areas." Ibid.
The applicant here buttressed his argument with reference to a flyer distributed by a security association in a Bergen County mall where he operated, which stated that in September, 1986 jewelry store vendors had been followed to their cars and had their tires punctured so that their cars would be disabled with a flat tire within a short distance from the mall. The perpetrators then approached the stopped car and, in the guise of offering to help fix the flat, stole the vendor's sample case. There was no showing that the applicant was ever the subject of such a crime or attempted crime or that any other identifiable dangers were attendant upon his activities. He did present the trial judge copies of ads he had run showing pictures of him in his Ocean County store from which the trial judge determined that "it could be easily concluded by someone that he's got diamonds on his person and whatever." From these facts *543 the judge found a justifiable need for the applicant to carry a handgun subject to the conditions noted earlier.
We find no significant basis to distinguish this case from the holdings of Application of "X", Siccardi and Reilly. The Siccardi principles are as applicable today under the Code of Criminal Justice as they were when announced by the Supreme Court in 1971. While there is no guarantee that any particular applicant will not be attacked, the minimal protection afforded by a handgun to one not subject to the special dangers noted in Siccardi is still greatly outweighed by the dangers to society inherent in the proliferation of handguns.
The order appealed from is reversed and this matter is remanded to the Law Division for the entry of an appropriate order denying the application.
NOTES
[1] Considering the description of plaintiff's business and his practice of carrying large sums of money and jewelry, we have deemed it advisable to employ a pseudonym. See Application of "X", 59 N.J. 533 (1971).