**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2346-17T1

IN THE MATTER OF DENIAL
OF A PERMIT TO CARRY A
HANDGUN FOR JOHN JILLARD.

_____

Submitted October 25, 2018 – Decided  November 5, 2018

Before Judges Simonelli and O'Connor.

On appeal from Superior Court of New Jersey, Law Division, Gloucester County.

John Jillard, appellant pro se.

Charles A. Fiore, Gloucester County Prosecutor, attorney for respondent State of New Jersey (Dana R. Anton, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Appellant John Jillard appeals from the December 14, 2017 Law Division order, which denied his application for a permit to carry a handgun pursuant to N.J.S.A. 2C:58-4(d) for failure to demonstrate justifiable need.  On appeal, Jillard does not challenge the court's determination that he failed to satisfy the

justifiable need requirement or the general comportment with the Second Amendment[1] or Supreme Court precedent.  Rather, he contends that <u>District of Columbia v. Heller</u>, 554 U.S. 570 (2008) precludes New Jersey's "case-by-case" inquiry of the justifiable need requirement.[2]  We disagree.

Findings by the trial court reviewing the denial of an application to carry a handgun in public are binding on appeal when supported by adequate, substantial, credible evidence.  <u>In re Application of Borinsky</u>, 363 N.J. Super. 10, 23 (App. Div. 2003).  However, we are not bound by the court's interpretation of the Constitution, <u>State v. Wheeler</u>, 433 N.J. Super. 560, 572 (App. Div. 2013), or the court's evaluation of whether an applicant met the "justifiable need to carry a handgun" standard of N.J.S.A. 2C:58-4, which we review de novo.  <u>Borinsky</u>, 363 N.J. Super. at 23-24.

A private citizen, such as Jillard, who desires to carry a handgun in public must "demonstrate[] that he is not subject to any of the disabilities set forth in [N.J.S.A.] 2C:58–3c . . .  that he is thoroughly familiar with the safe handling and use of handguns, and that he has a justifiable need to carry a handgun."

---

[1]  <u>U.S. Const.</u> amend. II.

[2]  We decline to address Jillard's additional contentions raised for the first time in his reply brief.  <u>Goldsmith v. Camden Cnty. Surrogate's Office</u>, 408 N.J. Super. 376, 387 (App. Div. 2009).

A-2346-17T1

N.J.S.A. 2C:58-4(c). The justifiable need requirement of N.J.S.A. 2C:58-4(d) has been found constitutional by the federal court in Drake v. Filco, 724 F.3d 426, 440 (3d Cir. 2013), cert. denied in Drake v. Jerejian, ___ U.S. ___, 134 S. Ct. 2134 (2014), and by this court in Wheeler, 433 N.J. Super. at 616.

The person applying for a carry permit must submit a certification of justifiable need, specifying "the urgent necessity for self-protection, as evidenced by specific threats or previous attacks which demonstrate a special danger to the applicant's life that cannot be avoided by means other than by issuance of a permit to carry a handgun." N.J.A.C. 13:54-2.4(d)(1); see also State v. Preis, 118 N.J. 564, 566 (1990) (holding that a permit to carry a handgun in public may "be issued only to those who can establish an urgent necessity for protection of self or others—as for example, in the case of one whose life is in danger as evidenced by serious threats or earlier attacks").

"The [justifiable need] requirement is of specific threats or previous attacks demonstrating a special danger to the applicant's life that cannot be avoided by other means." Preis, 118 N.J. at 571 (citing Reilly v. State, 59 N.J. 559, 562 (1971); In re Application of X, 59 N.J. 533, 534-35 (1971)). "Generalized fears for personal safety are inadequate, and a need to protect property alone does not suffice." Id. at 571 (citing State v. Siccardi, 59 N.J.

A-2346-17T1

549, 557-58 (1971)).  The applicant must show an objective need for the defensive use of a handgun to obtain a carry permit.  Wheeler, 433 N.J. Super. at 614.  The court must consider justifiable need on a case-by-case basis.  Id. at 576

Jillard argues that Heller precludes New Jersey's case-by-case justifiable need inquiry.  See McDonald v. City of Chicago, Ill., 561 U.S. 742 (2010) (deeming the holding in Heller applicable to the states by way of the due process clause of the Fourteenth Amendment).  Jillard cites the following passage from Heller to argue that New Jersey's case-by-case justifiable need inquiry is unconstitutional:

> We know of no other enumerated constitutional right whose core protection has been subjected to a freestanding "interest-balancing" approach. The very enumeration of the right takes out of the hands of government—even the Third Branch of Government— the power to decide on a case-by-case basis whether the right is really worth insisting upon. A constitutional guarantee subject to future judges' assessments of its usefulness is no constitutional guarantee at all. Constitutional rights are enshrined with the scope they were understood to have when the people adopted them, whether or not future legislatures or (yes) even future judges think that scope too broad.
>
> [554 U.S. at 634-35 (emphasis added).]

However, this passage must be understood in context.

A-2346-17T1

In <u>Heller</u>, the Court was confronted with a "catch-22." The District of Columbia's firearms laws prevented ownership of unregistered handguns while simultaneously prohibiting the registration of handguns (and imposing other burdensome restrictions, such as requiring that firearms be kept disassembled or trigger-locked even in the home). <u>Id.</u> at 574. The Court held that "the District's ban on handgun possession in the home violates the Second Amendment, as does its prohibition against rendering any lawful firearm operable for the purpose of immediate self-defense." <u>Id.</u> at 635. The Court recognized the Second Amendment confers the right to possess a handgun in the home for the purpose of self-defense and the District of Columbia's firearms regulations effectively eviscerated that right. <u>Id.</u> at 635; <u>see</u> <u>McDonald v. City of Chicago</u>, 561 U.S. 742, 791 (2010) (noting that "[i]n <u>Heller</u>, the Court held that the Second Amendment protects the right to possess a handgun in the home for the purpose of self-defense").

In the passage Jillard cited, Justice Scalia, writing for the majority, chastised Justice Breyer's dissent for advocating that restrictions on an enumerated right should be subject to a case-by-case interest-balancing analysis. <u>Heller</u>, 554 U.S. at 634-35. Although the Court did not identify the standard of review it used in determining the subject firearms laws were unconstitutional, it

nevertheless sought to protect the core right enumerated by the Second Amendment from judicial hindsight where the amendment itself "is the very product of an interest balancing by the people—which Justice Breyer would now conduct for them anew." Id. at 635. Conversely, Justice Breyer believed that "any attempt in theory to apply strict scrutiny to gun regulations will in practice turn into an interest-balancing inquiry," and merely sought to "adopt such an interest-balancing inquiry explicitly." Id. at 689 (Breyer, J., dissenting) (speculating that the majority's unnamed inquiry was strict scrutiny).

Judicial quibbling aside, Heller did not hold, as Jillard suggests, that firearms regulations may not utilize subjective, case-by-case justifiable need inquiries. See id. at 634-35. Rather, the Court mandated that any inquiry into the regulation itself must be conducted in accordance with traditional forms of judicial scrutiny. Id. at 636.

Further, contrary to Jillard's repeated assertions, the Court did not deem possession of a concealed firearm outside of the home an enumerated right even subject to the above disagreement. See id. at 635. The Court, in conducting an historical review of the Second Amendment, recognized that Nineteenth-Century American courts frequently upheld regulation of concealed weapons, id. at 613, 627 (citations omitted), and that "nothing in [the Court's] opinion

A-2346-17T1

should be taken to cast doubt on longstanding prohibitions on the possession of firearms . . . ." Id. at 626-27, 627 n. 26 (providing regulations concerning possession of firearms by felons and the mentally ill, among other regulations, as "examples," but not as an "exhaustive" list).

In Wheeler, we addressed New Jersey's justifiable need requirement in the wake of Heller and McDonald and determined the justifiable need requirement was constitutional. 433 N.J. Super. at 616. We stated:

> Based upon the broad reasoning of Heller and McDonald, "we think the Second Amendment right to carry a handgun for the purpose of lawful self-defense exists or extends beyond the home. Nevertheless, we have no reason to decide that question. We are confident that New Jersey's "justifiable need" standard would not impermissibly burden the right. We can reject this challenge to the carry permit law on that ground.
>
> [Id. at 597.]

In accordance with Heller, we analyzed New Jersey's justifiable need requirement under intermediate scrutiny and determined that:

> Intermediate scrutiny was appropriate here. The "justifiable need" component of the carry permit law does not target protected conduct. It is an effort to protect the public and accommodate those who have an objective reason to anticipate a need to use a gun in self-defense. The law targets the dangers of misuse and accidental use of handguns that unquestionably have

7

> serious, injurious consequences wholly outside the purview of self-defense.
>
> [Id. at 607.]

Without reiterating Wheeler's thorough analysis, we found New Jersey's justifiable need requirement "easily passe[d] muster under that standard." Id. at 610. Like the Second, Third, and Fourth Circuits that had previously upheld laws conditioning issuance of carry permits on "need," we found "the state's interest sufficiently important and the fit between the need-based standard and the interest in order and safety in public places adequate to pass muster under the intermediate level of scrutiny . . . ." Id. at 615 (citing Drake, 724 F.3d at 439; Woolard v. Gallagher, 712 F.3d 865, 880 (4th Cir. 2013); and Kachalsky v. Cty. of Westchester, 701 F.3d 81, 98 (2d Cir. 2012)).

In sum, we held the justifiable need requirement comported with the Second Amendment and Supreme Court precedent. Given that the justifiable need requirement does not infringe upon a clearly enumerated right, and, even if it did, it has been upheld under traditional judicial scrutiny, our holding in Wheeler should not be disturbed on the basis of Jillard's meritless misunderstanding of Heller. Simply put, Heller precluded untethered subjective judicial inquiries into firearm regulations to determine their constitutionality,

not valid subjective case-by-case justifiable need inquiries under constitutional firearm regulations.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION