99 N.J. Super. 459 (1968)
240 A.2d 432
L. ARTHUR BURTON, LOUIS A. BENTON, EDMOND H. SHULER, AL L. TOTH, HERMAN TREPTOW, GEORGE SCHIELKE AND CITIZENS COMMITTEE FOR FIREARMS LEGISLATION, A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFFS-APPELLANTS,
v.
ARTHUR J. SILLS, ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, AND COLONEL DAVID B. KELLY, SUPERINTENDENT OF STATE POLICE OF NEW JERSEY, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1967.
Decided January 9, 1968.
*460 Before Judges KILKENNY, CARTON and MALECH.
Mr. William E. Ozzard argued the cause for appellants (Messrs. Beekman, Ozzard & Mauro, attorneys).
Mr. Arthur J. Sills, Attorney General of New Jersey, argued the cause for respondents (Mr. Joseph A. Hoffman, Assistant Attorney General, of counsel; Mr. Stephen Skillman, Deputy Attorney General, on the brief).
The opinion of the court was delivered by KILKENNY, J.A.D.
Plaintiffs appeal from a summary judgment dismissing their complaint and upholding the constitutionality of the new "Gun Control Law," L. 1966, c. 60.
We affirm the judgment substantially for the reasons expressed by Judge Leahy in his opinion, 99 N.J. Super. 516. We add thereto the following brief supplement.
In Application of Marvin, 97 N.J. Super. 62 (App. Div. 1967), we upheld the validity of that portion of the statute relating to issuance of firearms purchaser identification cards, which required the applicant to state, inter alia, whether he had ever been a member of any organization advocating or approving the commission of acts of force and violence either to overthrow the government of the United States or of the State, or which sought to deny others their rights under the Constitutions of either the United States or of the State. That opinion speaks for itself.
The present appeal by sportsmen, gun dealers and a non-profit sportmen's organization represents a broader attack upon the constitutionality of the law. Plaintiffs contend that the act fails in its alleged public purpose and "thus must fall under the weight of the private rights it infringes upon." They further maintain that it violates the Second Amendment to the United States Constitution and the rights of citizens of New Jersey provided for in Amendments I, IV, V, IX and XIV and Article I, Secs. 8 and 10 of the United States Constitution. They claim that the law's restraints and *461 restrictions exceed the State's regulatory powers and constitute "a partial abolition of a basic right."
We are satisfied that this gun control law is a proper and reasonable exercise of the State's police powers. It was adopted for legitimate ends. Its wisdom and enforcement are matters within the domain of the Legislature and those charged with its administration. It is too early to stamp it as a failure. Its efficacy must await the test of time. Already more than 50,000 persons have been issued the necessary identification cards permitting them to purchase guns in New Jersey. Approximately 1,000 applications have been rejected. The propriety of these rejections has not been challenged on this appeal. Some 5,000 applications were pending at the time of oral argument. Thus, no law-abiding citizen, free from the statute's disqualifications, has been or will be precluded from purchasing, keeping or bearing arms.
Not even plaintiff gun enthusiasts plead for the unregulated right of habitual drunkards, narcotics addicts, criminals, mental cases, or proponents of force and violence who approve and advocate such means to overthrow the government or deny the enjoyment by others of their constitutional rights, to purchase firearms. Rather, they complain of the inconvenience and delay which some hunters and sportsmen have experienced in obtaining their identification cards. Experience in administering this new law will minimize such inconveniences and delays. Some find the fingerprinting requirement personally objectionable. But fingerprinting no longer bears the odium of bygone days when generally only persons charged with crime were fingerprinted. Nowadays, many people in all walks of life freely submit to this beneficent identification process. Inconvenience, delay and sensitive feelings are not adequate grounds for striking down this legislation and frustrating its good purposes.
We find no substantial merit in the claim that this law wrongfully infringes upon the individual's constitutional rights under any of the provisions specified. Under the State's police powers, the common good takes precedence over private *462 rights. One's home may be destroyed to prevent a conflagration. One's freedom of locomotion may be impeded to prevent the spread of a contagious disease. Our basic freedoms may be curtailed if sufficient reason exists therefor. Only in a very limited sense is a person free to do as he pleases in our modern American society. Regulation by the government is the price we pay for living in an organized community. From the day we are born, when a birth certificate must be filed, until the day we die, when official certification thereof must be recorded, we spend the intervening years obtaining licenses to marry, to drive a motor vehicle, to sell alcoholic beverages, to operate a barbershop, to practice the learned professions and to do countless other things, including the obtaining of a license to hunt and fish. These burdens we assume for the good that flows therefrom. We find no basic difference in a requirement to obtain a gun purchaser's identification card.
Until other jurisdictions, including the Federal Government, pass similar gun control laws, the full fruition of the statute will probably not be forthcoming. But New Jersey had led the way and it may be reasonably anticipated that others will follow. New York City has already done so. Legislation is pending in Congress. Meanwhile, hunters, sportsmen and other qualified persons may continue to purchase firearms and enjoy their lawful pursuits. The law is obviously not aimed at them, but at others specified in the statute. Not even gun dealers, despite a loss of profit, should want to sell guns to those in whose irresponsible hands such weapons pose a threat to the public safety and the general welfare.
The judgment is affirmed.