IN THE MATTER OF DENIAL OF GUN PERMIT
OF HARRY J. PURCELL, APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted November 24, 1975—Decided December 9, 1975.

Before Judges CARTON, CRAHAY and HANDLER.

*Mr. Harry J. Purcell, pro se,* for appellant.

*Mr. Joseph P. Lordi,* Essex County Prosecutor, attorney for respondent (*Mr. R. Benjamin Cohen,* Assistant Prosecutor, of counsel).

PER CURIAM. Appellant, Harry J. Purcell appeals the denial by the court below of his application for the renewal of a gun permit pursuant to *N. J. S. A.* 2A:151–44. The application had been made initially to the chief of police of West Caldwell, New Jersey, who denied the application. Appellant then appealed the matter and secured a hearing before the court below.

It was established that defendant had been convicted in 1966 for a misdemeanor or series of misdemeanors arising out of his engaging in the business of a private detective without a license, in violation of *N. J. S. A.* 45:19–10. The infractions, according to appellant, had occurred during a period between September and November, 1964.

■■ We concur in the decision of the trial judge that applicant's convictions of record constituted a disqualifying factor for a permit to carry a handgun under *N. J. S. A.* 2A:151–44. Further, we are satisfied that the failure of the issuing authority to deny the application within 60 days, as specified under *N. J. S. A.* 2A:151–44, does not negate the subsequent denial of the application. While such failure to act, in the absence of waiver, may under appropriate circumstances be deemed approval thereof, it is manifest that where there is no untoward delay, and a court review is sought and conducted on the merits of the application and it appears in such hearing that good cause exists either to deny the issuance of a permit or to revoke a permit theretofore issued, the denial of the application and refusal of the permit should be sustained. *Cf. State v. Neumann,* 103 *N. J. Super.* 83 (Law Div. 1968). There has been no un-

fair or arbitrary official conduct under these circumstances. *Cf. Siccardi v. State*, 59 *N. J.* 545, 555 (1971).

Appellant asserted before the trial judge, as well as on appeal, that *N. J. S. A.* 2A:168A–1 *et seq.* eliminates a prior criminal conviction for a misdemeanor as an absolute bar against gun licensure. We concur, however, in the determination of the judge that that statute providing for the licensing or authorization of rehabilitated convicted offenders to engage in regulated professions or occupations under specified circumstances is not applicable to the statutory privilege of carrying a handgun.

Affirmed.