705 A.2d 1218

DIANE M. ADLER, PLAINTIFF–APPELLANT, v. DANIEL LIVAK, DEFENDANT–RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued January 28, 1998—Decided February 11, 1998.

Before Judges BAIME and BROCHIN.

*Elizabeth Macron,* argued the cause for appellant.

*John P. Belardo,* argued the cause for respondent (*Mauro, Savo, Camerino & Grant,* attorneys; *Mr. Belardo,* on the brief).

The opinion of the court was delivered by

BAIME, P.J.A.D.

The Code of Criminal Justice provides that a person wishing to acquire a rifle or shotgun must apply to the chief of police of the municipality in which he resides for a firearms purchaser identification card. *N.J.S.A.* 2C:58–3b. Among other things, the chief of police is to obtain reports from the State Bureau of Investigation (SBI) and the Federal Bureau of Investigation (FBI) comparing the applicant's fingerprints with all records in their possession. *N.J.S.A.* 2C:58–3e. The chief of police must grant the identifica-

tion card within thirty days of the date of the application unless good cause for the denial of the application appears.  *N.J.S.A.* 2C:58–3f.  At issue is whether the chief of police may withhold rendering a decision on an application where the reports of the SBI and the FBI have not been received within that thirty day period.

On July 23, 1996, plaintiff applied to defendant, the Franklin Township Chief of Police, for a firearms purchaser identification card.  Defendant neither granted nor denied plaintiff's application within the thirty day period because he was awaiting the FBI fingerprint report.  It is undisputed that defendant acted diligently in requesting the FBI fingerprint check.  We are told that FBI reports are routinely received some two or three months after the request is made.

Plaintiff filed a two count complaint in the Law Division on August 27, 1996.  In the first count, plaintiff, by way of an action in lieu of prerogative writs, sought a judgment "compelling defendant to issue [to her] the [requisite] Firearms Purchaser Identification Card." In the second count, plaintiff demanded a judgment declaring that defendant had violated *N.J.S.A.* 2C:58–3f by his "failure to issue [a] Firearms Purchaser Identification Card within" the thirty day statutory period.  On September 17, 1996, plaintiff was notified that her application for a permit had been approved.

The parties filed cross-motions for summary judgment.  The Law Division refused to dismiss the complaint as moot on the ground that the issue was capable of repetition and would otherwise evade review.  Instead, the court found that defendant had acted reasonably in delaying action on plaintiff's application until receipt of the FBI report.  This appeal followed.

■ Preliminarily, we observe that this appeal has been rendered moot because plaintiff ultimately was granted a firearms purchaser identification card.  We, nevertheless, choose to consider the merits of plaintiff's contention because the question is one of public importance, is liable to recur, and may well evade

appellate disposition. *See In re Application of Martin,* 90 *N.J.* 295, 309–10, 447 *A.*2d 1290 (1982).

Plaintiff asserts that a permit must be either granted or denied within thirty days of the date of the application whether or not the SBI and FBI reports have been obtained by the chief of police. She contends that if a permit is granted and the SBI or FBI report later discloses a criminal conviction or some other statutory disability, the chief of police may institute proceedings to revoke the identification card. She urges conversely that if a permit is denied on the supposition that the SBI or FBI report will disclose a statutory disqualification, the applicant may seek immediate judicial review under *N.J.S.A.* 2C:58-3d or await the result of the fingerprint check and renew his application. We reject plaintiff's contention that the statute requires the chief of police to either grant or deny an application for a permit within the thirty day statutory period.

We read the statutory scheme as requiring a chief of police to withhold action on an application for a firearms purchaser identification card until receipt of the requisite SBI and FBI fingerprint reports. Our interpretation of the law derives from the statutory language, the legislative purpose and the public policy underlying the enactment.

We first look to the statutes themselves. As we noted, a person wishing to acquire a rifle or shotgun must first obtain a firearms purchaser identification card. *N.J.S.A.* 2C:58-3b. The standards that must be satisfied in order to obtain a permit can fairly be characterized as liberal. The statute provides that "[n]o person of good character and good repute" may be denied a permit unless found to be subject to "any of the disabilities set forth in [*N.J.S.A.* 2C:58-3c] or other sections." *N.J.S.A.* 2C:58-3c. Included among the disqualifying disabilities listed in *N.J.S.A.* 2C:58-3c are: a criminal conviction, drug or alcohol dependency, a mental disorder, a physical or psychological handicap bearing upon the applicant's capacity to handle safely such weapons, a domestic violence order proscribing possession of firearms, and other undefined problems where issuance of a permit would be inconsistent with

the public health, safety and welfare. *N.J.S.A.* 2C:58–3c(1) to (6). In addition, persons under the age of eighteen may not obtain a permit. *N.J.S.A.* 2C:58–3c(4). The chief of police must obtain the applicant's fingerprints and "have them compared with any and all records" of the SBI and the FBI. *N.J.S.A.* 2C:58–3e. The chief of police is required to "grant ... the identification card ... within [thirty] days from the date of receipt of the application," "unless good cause for the denial thereof appears." *N.J.S.A.* 2C:53–3f.

In construing the statutory scheme, we perceive no irreconcilable conflict between the duty of the chief of police to grant a permit within the statutory period unless "good cause" appears, and the duty to obtain fingerprint reports from the SBI and the FBI. Instead, we construe the separate sections *in pari materia.* See *Clifton v. Passaic County Bd. of Taxation,* 28 *N.J.* 411, 422, 147 *A.*2d 1 (1958); *Borough of North Haledon v. Board of Educ.,* 305 *N.J.Super.* 19, 28, 701 *A.*2d 925 (App.Div.1997); Sutherland, *Statutory Construction* (4th ed.), § 46.05 at 56. We stress that the phrase "good cause for the denial" is not defined in the statutes. The clear implication is that "good cause for the denial" of a permit need not be grounded only in the statutory "disabilities" listed in *N.J.S.A.* 2C:58–3c(1) through (6). Moreover, the express statutory language does not specifically require that an application be denied within the thirty day period, but rather that the permit be granted unless "good cause" for a denial appears. *N.J.S.A.* 2C:53–3f. We thus conclude that the inability of the chief of police to obtain the requisite SBI and FBI reports within the thirty day period constitutes "good cause" for a denial, but does not require the chief of police to deny the application on that account. He must withhold rendering a decision on the application until the fingerprint reports are obtained from the SBI and the FBI. If the reports so obtained do not disclose a criminal conviction or any other disqualifying disability, the "good cause" for the denial of the permit evaporates, and an identification card must be granted immediately. Conversely, if the SBI or FBI report yields information disclosing good cause for the denial of a permit, the applicant should be notified in timely fashion.

Our construction of the statutory language comports with the clearly expressed legislative intent to prevent criminals and other unfit elements from acquiring firearms. In setting its course, the Legislature was undoubtedly aware of the strongly expressed views of many law enforcement officials who have long favored state and federal regulation of the sale and possession of firearms. *Burton v. Sills,* 53 *N.J.* 86, 93, 248 *A.*2d 521 (1968), *appeal dismissed,* 394 *U.S.* 812, 89 *S.Ct.* 1486, 22 *L.Ed.*2d 748 (1969). Wholly apart from the dangers which arise when firearms are in the hands of criminals, there is the potential for disaster when such weapons are acquired by the immature or the unfit or the addicted. To either grant or deny a permit on less than complete information would hardly serve the legislative purpose.

Finally, the result we reach is consonant with the public policy underlying the statutory scheme. Undoubtedly, the statutory deadline was prompted by a desire to avoid dilatory consideration of the application. But the consequences of automatic approval of a permit at the expiration of the thirty day period would be visited on the public for whose protection the statute was enacted. And the consequences of automatic denial of a permit at the expiration of the thirty day period would be visited on the deserving applicant for whose benefit the statutory scheme was enacted. *Cf. Manalapan Holding Co., Inc. v. Hamilton Township Planning Bd.,* 92 *N.J.* 466, 480–82, 457 *A.*2d 441 (1983); *Allstate Ins. Co. v. Fortunato,* 248 *N.J.Super.* 153, 161–63, 590 *A.*2d 690 (App.Div. 1991). The simple and overriding fact is that the Legislature considered a fingerprint investigation to be critical in determining the fitness of an applicant for a permit. The remedy urged by plaintiff—automatic approval or denial of a permit—would serve only to frustrate the legislative design and the public policy underlying the statute without any compensatory benefit to either the public or the individual applicant. *See In re Purcell,* 137 *N.J.Super.* 369, 349 *A.*2d 104 (App.Div.1975); *cf. In re Return of Weapons of J.W.D.,* 290 *N.J.Super.* 451, 676 *A.*2d 138 (App.Div. 1996), *aff'd in part, rev'd in part,* 149 *N.J.* 108, 693 *A.*2d 92 (1997).

We do not question the legitimacy of recreational shooting sports or the collection of firearms, as regulated by statute. As we pointed out earlier, the statute reaffirms that "[n]o person of good character and good repute ... and who is not subject to any of the [statutory] disabilities ... shall be denied ... a firearms purchaser identification card." *N.J.S.A.* 2C:58–3c. To emphasize that purpose and to guard against its arbitrary subversion, further provision was made for easy and expeditious appeal to the courts. *N.J.S.A.* 2C:58–3d; *see also Weston v. State*, 60 *N.J.* 36, 43, 286 *A.*2d 43 (1972). But whatever one's views on the worth of firearms, their capacity to wreak havoc when in the hands of the unfit is a matter of public record. The Legislature has wisely provided for suitable inquiry into qualifications and fitness. We do no more than carry out that legislative mandate.

Affirmed.