761 A.2d 102

STATE OF NEW JERSEY, PLAINTIFF–RESPONDENT, v.
DAVID H. AURINGER, DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted September 26, 2000—Decided November 9, 2000.

Before Judges WECKER and LESEMANN.

*Evan F. Nappen*, attorney for appellant.

*John J. Farmer, Jr.*, Attorney General, attorney for respondent (*Janet Flanagan*, Deputy Attorney General, of counsel and on the brief).

The opinion of the court was delivered by

LESEMANN, J.A.D.

Defendant David H. Auringer appeals from his conviction on three counts of the fourth degree offense of acquiring a handgun without a permit to purchase, contrary to *N.J.S.A.* 2C:58–3a and *N.J.S.A.* 2C:39–10a. The facts are undisputed and defendant pleaded guilty to the charges, reserving the right to argue on appeal that a federal firearms license he held for a place of business in North Carolina precluded this New Jersey prosecution, that the applicable New Jersey statutes were preempted by federal legislation which "occupied the field," and that the New Jersey enactment unduly burdened interstate commerce. Because defendant's federal license was specifically limited to his North Carolina place of business, because the federal legislation makes clear that it does not have the preemptive effect urged by defendant, and because the New Jersey statute does not unduly burden interstate commerce, we reject defendant's arguments, and we affirm.

In February 1997, defendant purchased a number of handguns and a sawed-off shotgun from Margaret Havens in Spring Lake, New Jersey. In effecting those purchases, defendant used a federal firearms license which had been issued to him for a designated place of business in North Carolina. He gave Ms. Havens two business cards, one with that North Carolina business address and another listing an address in Belmar, New Jersey.

The police learned of the purchase through Ms. Havens. An investigation then disclosed that, while defendant did hold the federal license referred to, and also had a New Jersey firearms purchaser identification card, he did not hold a New Jersey firearms dealer's license nor a New Jersey permit to purchase the handguns, as required by New Jersey law. A search of defen-

dant's Belmar residence, pursuant to a search warrant, yielded additional firearms, records of other firearms purchases, and a sawed-off shotgun.

Defendant was indicted on charges of violating *N.J.S.A.* 2C:58–3a, which provides in pertinent part that

[no] person shall ... receive, purchase, or otherwise acquire a handgun unless the purchaser ... is licensed as a dealer under this chapter or has first secured a permit to purchase a handgun as provided by this section.[1]

Following a motion which led the court to suppress some of the results of the aforesaid search, defendant and the State entered a plea agreement under which defendant pleaded guilty to three counts of acquiring a handgun without a dealer's license or permit, and additional charges against him were dismissed. Defendant was sentenced to pay a fine of $300, and he retained the right to raise on appeal the issues he has now presented to us.

■  Defendant's first argument is that this State cannot constitutionally require that he obtain a New Jersey license or permit, in addition to his federal license, before acquiring a firearm here. He claims that the federal Gun Control Act of 1968, 18 *U.S.C.* § 921–930, has occupied the field and preempted State legislation. However, neither the language of the statute nor its judicial interpretation supports that claim.

Section 927 of the Gun Control Act, dealing with the statute's effect on state law, expressly states:

No provision of this chapter shall be construed as indicating an intent on the part of the Congress to occupy the field in which such provision operates to the exclusion of the law of any State on the same subject matter, unless there is a direct and positive conflict between such provision and the law of the State so that the two cannot be reconciled or consistently stand together.

Here, there is certainly no such "direct and positive conflict" between the federal and state enactments. Indeed, the two are

---

[1] *N.J.S.A.* 2C:58–2a provides for obtaining a license as a firearm dealer. *N.J.S.A.* 2C:58–3a provides for a permit to purchase a handgun if one is not a licensed dealer. It is acknowledged that defendant had obtained neither a New Jersey dealer's license nor a permit to obtain a handgun.

entirely consistent: each requires a license or permit and there is no reason why an individual cannot comply with both enactments.

Further, it is clear beyond question that defendant's federal license, which expressly refers to his North Carolina business address, has no territorial effect beyond that address. As the court noted in *United States v. Bailey*, 123 *F*.3d 1381, 1388 (11th Cir.1997), "[f]ederal firearms licenses are valid only for the location specified on the license." And a similar statement in the Code of Federal Regulations, 27 *C.F.R.* § 178.50, entitled "Locations covered by license," provides in unmistakable language that federal firearms licenses are limited to the particular address specified therein:

> The license covers the class of business or the activity specified in the license at the address specified therein.

Finally, as if to completely and emphatically dispose of defendant's preemption argument, 27 *C.F.R.* § 178.58, entitled "State or other law," contains the following statement:

> A license issued under this part confers no right or privilege to conduct business or activity contrary to State or other law. The holder of such a license is not by reason of the rights and privileges granted by that license immune from punishment for operating a firearm or ammunition business or activity in violation of the provisions of any State or other law.

One further point raised by defendant on this issue requires brief comment. Defendant claims that because he is not a resident of this State, he could not obtain a retail dealer's license here, nor could he obtain a New Jersey permit to purchase a handgun. Neither of those claims has any merit. First, the evidence indicates that defendant maintained a residence in this State, in Belmar. Beyond that, the applicable statutes simply do not say, or suggest in any way, that a non-resident is precluded from obtaining either a New Jersey retail dealer's license under *N.J.S.A.* 2C:58–2a, or a permit to purchase a handgun under *N.J.S.A.* 2C:58–3c. In fact, *N.J.S.A.* 2C:58–3d, which authorizes an appeal to the Superior Court if a permit is initially rejected, expressly recognizes that the applicant for such a permit may be a non-resident of this State; it provides that an unsuccessful appli-

cant's request for a hearing shall be "in the Superior Court of the county in which he resides *if he is a resident of New Jersey or in the Superior Court of the county in which his application was filed if he is a non-resident.*" While the comparable statute dealing with a dealer's license does not contain that specific reference to a non-resident, there is no reason to believe that its meaning is not the same and, as noted, there is no indication that New Jersey residency is a condition to obtaining such a license.[2]

■ Defendant's second argument is that *N.J.S.A.* 2C:58–3a is unconstitutional because it imposes an undue burden on interstate commerce. We find no merit in the claim.

In principle, defendant's argument is no different from that raised and rejected in *Burton v. Sills*, 99 *N.J.Super.* 516, 526, 240 *A.*2d 462 (Law Div.1967), *aff'd o.b.*, 99 *N.J.Super.* 459, 240 *A.*2d 432 (App.Div.), *aff'd*, 53 *N.J.* 86, 248 *A.*2d 521 (1968), *appeal dismissed*, 394 *U.S.* 812, 89 *S.Ct.* 1486, 22 *L.Ed.*2d 748 (1969). *Burton* involved a different provision of this State's Gun Control Law—that which requires a firearms purchaser identification card for the purchase of rifles and shotguns. The challenge raised by defendant there asserted that the requirement restricted the ability of non-residents to purchase such weapons in New Jersey and thus unreasonably impaired the flow of interstate commerce. The claim was rejected:

> The regulation in question is not primarily aimed at interstate commerce, and the fact that it may, to some extent, affect interstate commerce is of no consequence with respect to the issue of constitutionality. Nonresident purchasers are not discriminated against. If they wish to purchase firearms in New Jersey, they must go through the same procedures as New Jersey residents[.]
>
> [*Ibid.*]

■ A statute is presumed to be constitutional and the burden of establishing unconstitutionality is on the party challenging its

---

[2] The State notes that defendant held a New Jersey firearms purchaser identification card issued under *N.J.S.A.* 2C:58–3b and points out, correctly, that the qualifications for obtaining such a card are identical with those for obtaining a permit to purchase.

validity. *State v. One 1990 Honda Accord,* 154 *N.J.* 373, 376, 712 *A.*2d 1148 (1998); *General Motors Corp. v. City of Linden,* 150 *N.J.* 522, 532, 696 *A.*2d 683 (1997). Defendant has fallen far short of meeting that burden.

The test to determine whether a disputed state statute would unconstitutionally burden interstate commerce is set out in *Pike v. Bruce Church, Inc.,* 397 *U.S.* 137, 142, 90 *S.Ct.* 844, 847, 25 *L.Ed.*2d 174, 178 (1970):

> Where the statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld [under the Commerce Clause] unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits.

That deference accorded to state legislation applies particularly to regulations designed to "protect the health, well-being and safety of [a state's] citizens." *Mid–Fla Coin Exchange, Inc. v. Griffin,* 529 *F.Supp.* 1006, 1014 (M.D.Fla.1981). The Supreme Court has long recognized a difference between "economic protectionism, on the one hand, and health and safety regulation, on the other." *Fort Gratiot Sanitary Landfill, Inc. v. Michigan Dept. of Natural Resources,* 504 *U.S.* 353, 365 n. 6, 112 *S.Ct.* 2019, 2027 n. 6, 119 *L.Ed.*2d 139, 150–51 n. 6 (1992). Where safety concerns are involved, the Supreme Court has been reluctant to invalidate state law as a violation of the Commerce Clause. Indeed, the Court has said, "If safety justifications are not illusory, the Court will not second-guess legislative judgment about their importance in comparison with related burdens on interstate commerce." *Kassel v. Consolidated Freightways Corp. of Del.,* 450 *U.S.* 662, 670, 101 *S.Ct.* 1309, 1316, 67 *L.Ed.*2d 580, 587 (1981), quoting *Raymond Motor Transp. Inc. v. Rice,* 434 *U.S.* 429, 449, 98 *S.Ct.* 787, 798, 54 *L.Ed.*2d 664, 680 (1978) (Blackman, J., concurring). *See also Illinois Sporting Goods Assoc. v. County of Cook,* 845 *F.Supp.* 582, 586 (N.D.Ill.1994); *Cohen v. Bredehoeft,* 290 *F.Supp.* 1001, 1003–04 (S.D.Texas), *aff'd,* 402 *F.*2d 61 (5th Cir.1968), *cert. denied,* 393 *U.S.* 1086, 89 *S.Ct.* 873, 21 *L.Ed.*2d 779 (1969) (the stated reluctance of the Supreme Court to invalidate state safety regulations on interstate commerce grounds "is true though the exercise

of the [state] police power may materially affect interstate commerce.")

Here, there is no question that the legislation protects the public safety. *See Adler v. Livak*, 308 *N.J.Super.* 219, 224, 705 *A.*2d 1218 (App.Div.1998); *State v. Pelleteri*, 294 *N.J.Super.* 330, 335, 683 *A.*2d 555 (App.Div.1996), *certif. denied*, 148 *N.J.* 461, 690 *A.*2d 609 (1997). *See also Burton v. Sills, supra*, 99 *N.J.Super.* at 526–27, 240 *A.*2d 462. Nor is the statute directed at interstate commerce. It applies even-handedly to all who wish to purchase handguns—residents and non-residents alike. All can purchase on the same basis, so long as they comply with reasonable state requirements. The purpose and effect of *N.J.S.A.* 2C:58–3a, in short, is reasonable and non-discriminatory. Defendant has demonstrated no burden of any kind on interstate commerce, let alone a "clearly excessive" burden, *see Pike v. Bruce Church, Inc., supra*, 397 *U.S.* at 142, 90 *S.Ct.* at 847, 25 *L.Ed.*2d at 178, and thus, under the standards set out above, defendant has failed to meet his heavy burden of demonstrating constitutional invalidity.[3]

■ Defendant's final argument is a claim that his handgun purchases complied with the New Jersey Administrative Code, *N.J.A.C.* 13:54–3.13, and thus he cannot be found to have violated

---

[3] For the first time on appeal, defendant claims that in purchasing the handguns in question without meeting New Jersey statutory requirements, he relied on representations made by other federally licensed firearms dealers. The claim is set forth with no details and without evidentiary support. It was also barred by defendant's guilty plea, *State v. Crawley*, 149 *N.J.* 310, 316, 693 *A.*2d 859 (1997), by which defendant was prohibited from contending that his constitutional rights were violated prior to the plea. Thus, the argument is not properly before us. If it were, we would seriously question the premise on which it is based: the holding in *United States v. Tallmadge*, 829 *F.*2d 767 (9th Cir.1987), that a federally licensed gun dealer may be considered a government official for purposes of an "entrapment" defense. As the State correctly notes, that premise is questionable and has been rejected by other federal circuits which have considered the issue. *See, e.g., United States v. Billue*, 994 *F.*2d 1562, 1568 (11th Cir.1993), *cert. denied*, 510 *U.S.* 1099, 114 *S.Ct.* 939, 127 *L.Ed.*2d 230 (1994).

*N.J.S.A.* 2C:58–3a. We find no more merit in this argument than in those dealt with above.

■ First, while *N.J.S.A.* 2C:58–1 authorizes the Superintendent of the State Police to adopt rules governing firearms, it is axiomatic that rules adopted pursuant to statutory authority must comply with that statute. Thus, assuming an inconsistency between the statute and the Administrative Code, it is the latter and not the former which must give way. *Borden's Farm Products v. Board of Health,* 36 *N.J.Super.* 104, 114, 114 *A.*2d 788 (Law Div.1955).

But, in fact, there is no inconsistency. The Code provision on which defendant relies reads as follows:

> Every purchaser, other than a licensed or registered retail or wholesale dealer or manufacturer, or law enforcement agency as provided by this chapter, must present a valid permit to purchase a handgun to the dealer who is required to confirm the identity of the purchaser.
>
> [*N.J.A.C.* 13:54–3.13.]

Defendant claims the exception set out in the code provision for a "licensed or registered retail or wholesale dealer" includes a federally licensed dealer and thus applies to him. However, defendant ignores the part of *N.J.A.C.* 13:54–3.13 which refers to one who is licensed or registered "as provided by this chapter." Clearly, that reference is to a state license. As discussed above, *N.J.S.A.* 2C:58–2 mandates that one purchasing a handgun within this state must have a license issued by this state. To hold otherwise would ignore the words "as provided by this chapter" and would also result in a construction contrary to the provision of *N.J.S.A.* 2C:58–2. In short, the Administrative Code offers no support for defendant's position.

For the foregoing reasons, and as set out in the well-reasoned oral decision delivered by Judge Farren on May 10, 1999, defendant's conviction and sentence are in all respects affirmed.