103 N.J. Super. 83 (1968)
246 A.2d 533
STATE OF NEW JERSEY, PLAINTIFF,
v.
NEIL RICHARD NEUMANN, DEFENDANT.
Superior Court of New Jersey, Monmouth County Court.
Decided September 24, 1968.
*84 Mr. Thomas L. Yaccarino, Assistant County Prosecutor, for the State (Mr. Elliott L. Katz on the brief).
Mr. Burton L. Fundler, for defendant (Mr. Michael B. Kirschner on the brief; Messrs, Mirne, Nowels, Fundler, Cornblatt and Magee, attorneys).
McGANN, J.C.C.
This matter comes before the court on motion by the Monmouth County Prosecutor pursuant to N.J.S. 2A:151-45 to revoke a permit to carry a revolver previously issued to Neil Richard Neumann. The uncontroverted facts leading up to the action by the State are these:
*85 On March 8, 1968 a call came to the Asbury Park Police Headquarters in which the caller stated that he had just been in the Sunset Lounge Tavern on Kingsley Street where a man was sitting at the bar with a "gun on his hip." In response to the call Officers Montepara and Moyna were dispatched to the tavern. They arrived at about 12:50 A.M. Upon gaining admittance they found about six or seven people in the bar in addition to the bartender. Neumann was seated at the bar in his shirtsleeves with a drink in front of him. He was wearing a Colt .38-caliber revolver in a pull-away holster fully exposed on his left hip. It was loaded.
When questioned by the police Neumann first said he was a police officer of the Long Branch police. He produced an I.D. card indicating he was a member of the Long Branch Police "Reserves." It developed that he was not then a member of the "Reserves" although he previously had been.
He then produced his permit to carry a concealed weapon.
Neumann has had such a permit since June 1961. His original application (and all subsequent renewal applications) sets forth as the reason for the permit the fact that he is a pharmacist and requires a gun for protection in connection with the operation of his drug store in the Cliffwood section of Matawan Township  both because there are narcotics on the premises and because night deposits of business receipts are made in a local bank.
It is undisputed that Neumann is of good general repute, that he was a small-arms specialist with the United States Army during his military service, and that he suffers none of the statutory disabilities. N.J.S. 2A:151-33 and 2A:151-44.
On the evening in question Neumann had closed his drug store in Cliffwood at 10:15 P.M. and made a night deposit in the local bank. He had an appointment to meet with his accountant and another man to discuss a business deal. He drove to the Sunset Lounge Tavern and arrived there some time between 11 and 11:30 P.M. He had had one drink and was on his second when the police came into the tavern.
*86 N.J.S. 2A:151-45 provides, inter alia, that
"Any permit may be revoked by a judge of the county court of the county wherein the permit was issued, after hearing upon notice and upon a finding that the holder thereof no longer qualifies for the issuance of such permit. The county prosecutor of any county * * * may apply to such judge at any time for the revocation of such permit."
The prosecutor moved for revocation on notice to the permit holder. A full hearing was held. Briefs were subsequently submitted.
With certain exceptions not applicable to this case, it is a crime to carry a pistol or revolver without a permit, N.J.S. 2A:151-41. N.J.S. 2A:151-45 provides, inter alia, that "A permit issued under section 2A:151-44 of this chapter shall be sufficient authority for the holder thereof to carry a revolver or pistol in all parts of the State." (Emphasis supplied). Neumann argues that since he is a person of good character, has never been convicted of a crime (N.J.S. 2A:151-44), is not a narcotics user, drunkard or mental defective, nor physically defective or disabled by sickness (N.J.S. 2A:151-33(a) and (b)), that his permit is carte blanche to carry his weapon anywhere in the State at any time.
This court holds otherwise. The permit was issued and reissued based upon Neumann's applications setting forth a particular, limited need, viz., protection in the operation of his drug store and in making night deposits of business receipts. Before the permit could issue the county judge must be satisfied "of the need of the applicant to carry a pistol or revolver" N.J.S. 2A:151-44. The county judge was apparently satisfied of the existence of the "need" and the permit was issued solely to meet this "need." To argue that such "need" encompasses carrying the weapon all over the State at all hours is to fly in the face of the salutary purpose of the legislation. Burton v. Sills, 99 N.J. Super. 516 (Law Div. 1967), affirmed 99 N.J. Super. 459 (App. *87 Div. 1968). The permit was issued for the limited purpose expressed in the application. The "need" was a self-imposed condition on the permitted carrying of the weapon. He violated that condition. His violation is grounds to revoke the permit.
Neumann also overlooks the statutory requisite that a permit be issued only to one who has demonstrated "sufficient maturity * * * in the handling of firearms," N.J.S. 2A:151-44, and may not be issued "to any person where the issuance would not be in the interest of the public health, safety or welfare," N.J.S. 2A:151-33(d). These are continuing conditions for retaining such a permit after its issuance. Failure to continually meet these requirements is ground for revocation. It would be difficult to conceive of a more irresponsible act, or one more inimical to public health, safety and welfare, than the wearing of a fully loaded firearm, completely exposed and available to the reach of any person in the immediate vicinity of the wearer in a public bar in the early hours of the morning. Such might have been the custom in the lawless West of a bygone day; it is intolerable in our present day society
The gun permit previously issued to Neil Richard Neumann under date of December 12, 1967, is hereby revoked. Counsel for Neumann shall forthwith upon receipt of a copy of this opinion have the permit delivered to the court. The prosecutor will prepare and submit an appropriate order.