142 N.J. Super. 187 (1976)
361 A.2d 58
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
IMRE SIMA, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued May 17, 1976.
Decided May 28, 1976.
*190 Before Judges FRITZ, SEIDMAN and MILMED.
Mr. Nicholas DiChiara, Assistant Deputy Public Defender, argued the cause for appellant (Mr. Stanley C. Van Ness, Public Defender, attorney.)
Mr. Robert J. Genatt, Deputy Attorney General, argued the cause for respondent (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
The opinion of the court was delivered by SEIDMAN, J.A.D.
Defendant was charged in a two-count indictment with (1) committing an assault with an offensive weapon (an automatic pistol), contrary to N.J.S.A. 2A:90-3, and (2) possessing a pistol without having a permit therefor, in violation of N.J.S.A. 2A:151-41 (a). Tried to a jury, he was found not guilty of the offense contained in the first count and guilty of the illegal possession of a weapon. A sentence to a term of 364 days in the Passaic County Jail was suspended, defendant placed on probation for two years, and a fine of $100 imposed.
*191 The single ground of this appeal is that the trial judge erred in denying defendant's motion to dismiss the second count of the indictment. The pertinent facts are not in substantial dispute.
It is not denied that on the day in question defendant had in his possession a .25-caliber Colt semi-automatic pistol. Also uncontroverted is that on February 2, 1973 defendant had been granted a permit to carry a pistol or revolver. On the face of the permit was typed "Limited to job use only."
The proofs at the trial established that on Saturday, August 11, 1973, defendant, accompanied by his wife, drove to the Great Bear Auto Center in Clifton to have his car serviced. While there, he became involved in an altercation with a group of young men, allegedly as the result of a near collision between a truck operated by one of them and defendant's vehicle. Defendant's testimony was that he drew the pistol from the glove compartment of his car and fired a shot into a bush when one of the young men reached in his pocket and asked defendant if he wanted to see a gun. The police arrived shortly thereafter and confiscated the pistol as well as the permit which defendant produced.
The issue presented, as the State accurately sets forth in its brief, is "whether a court in issuing a permit to carry a handgun may impose limitations on the scope of the permit in order to conform the right to carry the weapon to the demonstrated need of the applicant." The State contends that such limitations may be imposed. Defendant, on the other hand argues that he applied for and received a permit to carry a weapon; that the permit gave him authority under N.J.S.A. 2A:151-45 to carry the weapon "in all parts of the State," and that there was no statutory provision for the issuance of a limited permit. He claims that since he was authorized to carry his pistol pursuant to a valid permit, he could not legally be guilty of the offense charged. We do not find defendant's arguments persuasive.
*192 To the extent pertinent here, N.J.S.A. 2A:151-41 provides that any person who carries, holds or possesses in an automobile or about his person "a pistol or revolver without first having obtained a permit to carry the same," is guilty of a high misdemeanor.
The procedure for obtaining a permit is set forth in N.J.S.A. 2A:151-44. Application is first made to the chief police officer of the municipality in which the applicant resides (or to the Superintendent of State Police if there is none). The applicant's finger prints are taken and checked. Reasonable proof may be required of sufficient maturity and skill and knowledge in the handling of firearms. A complete description is given of the kind and type of revolver or pistol intended to be carried. If the application is approved, it is then presented to a judge of the County Court of the county in which the applicant resides, who, if satisfied of the sufficiency of the application, of the applicant's good character and absence of disabilities as set forth in N.J.S.A. 2A:151-33, and of the need of the applicant to carry a pistol or revolver, shall issue a permit therefor. One permit suffices for "such revolvers, pistols or other firearms as the applicant may possess."
It is true that the statute does not spell out any specific authority for placing conditions on a permit to carry a weapon. But neither is there any provision which prohibits the imposition of limitations or restrictions.
The public purpose of the Gun Control Law (N.J.S.A. 2A:151-1 et seq.) is "to prevent criminals and other unfit element from acquiring firearms," and to that end the Legislature has set up permit and identification requirements and has provided for disqualifications along with suitable inquiry into qualifications and fitness. Burton v. Sills, 53 N.J. 86, 93 (1968). It is the "overriding philosophy of our Legislature * * * to limit the use of guns as much as possible." State v. Valentine, 124 N.J. Super. 425, 427 (App. Div. 1973). "Need" is the touchstone for the issuance of a *193 permit to carry a handgun. See Siccardi v. State, 59 N.J. 545, 554 (1971). In Siccardi a clear policy was laid down to be followed by county court judges in the issuance of such permits:
In prescribing a single application form for the entire State the Legislature pointed toward the proper goal of uniformity in the various counties and municipalities. But since the applications were ultimately being passed on by many individual County Judges there was still great danger of disparate treatment. To reduce this danger the Assignment Judges undertook to designate for each County a single Judge as the issuing authority under N.J.S.A. 2A:151-44. Cf. State v. De Stasio, 49 N.J. 247, 254, cert. denied, 389 U.S. 830, 88 S.Ct. 96, 19 L.Ed.2d 89 (1967). And they undertook the furtherance of a strict policy which wisely confines the issuance of carrying permits to persons specifically employed in security work and to such other limited personnel who can establish an urgent necessity for carrying guns for self protection. One whose life is in real danger, as evidenced by serious threats or earlier attacks, may perhaps qualify within the latter category but one whose concern is with the safety of his property, protectible by other means, clearly may not so qualify.
The appellant contends that the foregoing approach is "more restrictive than that intended by the Legislature." We find nothing whatever in the history or terms of the legislation to support this contention. In N.J.S.A. 2A:151-43 the Legislature listed the types of persons who may carry handguns without permits; these notably include designated persons charged with law enforcement and guarding responsibilities. In N.J.S.A. 2A:151-44 the Legislature made provision for other persons who could make a sufficient showing of "need," leaving to the Judges the required policy formulations as to what constitutes "need." The Legislature was fully aware that these formulations would represent the conscientious determinations of the Judges arrived at on the basis of their study of such expert materials as are available within and without our State. If the Legislature at any point differs with the approach adopted by the Judges, it may take appropriate action through amendment of the Gun Control Law. [at 557; emphasis supplied]
See also, Reilly v. State, 59 N.J. 559 (1971); In re Application of "X", 59 N.J. 533 (1971).
Although Siccardi and the other cited cases dealt with situations where applications were denied because the requisite need had not been shown, it is a logical and sensible extension of the stated policy to apply it in a restrictive way *194 by making certain that the permit, when issued, is confined to "persons specifically employed in security work and to such other limited personnel who can establish an urgent necessity for carrying guns for self-protection." Since failure to demonstrate a need is cause for refusing to issue a permit, it necessarily follows that where only a limited need is shown by the applicant, the permit may be restricted accordingly. We therefore discern no legal impediment to the noting on the permit, as was done here, of a specific limitation on its use.
Defendant in this case was employed as a bank guard. His stated reason for applying for the permit was "to protect life and property." It is evident that this was directly related to his employment. Since no other need was demonstrated for the carrying of a weapon, it is a reasonable and compelling inference that the permit would not otherwise have been issued. Limiting the permit "to job use only" was, in the circumstances, a proper restriction.
We perceive no merit in defendant's further argument that once a permit was issued to him he was entitled to carry it in all parts of the State. This precise argument was raised and rejected in State v. Neumann, 103 N.J. Super. 83, 86-87 (Cty. Ct. 1968), in which a permit issued to a pharmacist in connection with the operation of his store was revoked because it was observed on his person while he was in a tavern after midnight. The defendant there argued that "his permit is carte blanche to carry his weapon anywhere in the State at any time." We thoroughly agree with what the court said:
This court holds otherwise. The permit was issued and reissued based upon Neumann's application setting forth a particular, limited need, viz., protection in the operation of his drug store and in making night deposits of business receipts. Before the permit could issue the county judge must be satisfied "of the need of the applicant to carry a pistol or revolver" N.J.S. 2A:151-44. The county judge was apparently satisfied of the existence of the "need" and the permit was issued solely to meet this "need." To argue that such "need" encompasses carrying the weapon all over the *195 State at all hours is to fly in the face of the salutary purpose of the legislation. Burton v. Sills, 99 N.J. Super. 516 (Law Div. 1967), affirmed 99 N.J. Super. 459 (App. Div. 1968). The permit was issued for the limited purpose expressed in the application. The "need" was a self-imposed condition on the permitted carrying of the weapon. He violated that condition. His violation is grounds to revoke the permit. [103 N.J. Super. at 86-87]
We conclude that where a permit to carry a pistol or revolver is issued for a stated limited use, and the weapon is carried or possessed by the permittee for a purpose not reasonably within the authorized use or pursuant to any statutory exception, he may be charged with a violation of N.J.S.A. 2A:151-41(a). We are satisfied that the facts here present, the judgment of conviction should not be disturbed.