## Littlepage v. Board of License and Inspection Review

*George Orlowitz,* for plaintiff.
*Carol Tracy,* for defendant.

GAFNI, *J.,* August 21, 1985—William F. Littlepage (Littlepage) has appealed from a decision

by the Board of License and Inspection Review (board) affirming the Philadelphia Police Department's revocation of his license to carry a firearm.

On February 26, 1984, Littlepage was arrested and charged with driving under the influence of liquor and recklessly endangering another person. See appellant's Exhibit "C." Littlepage entered a Pretrial Services Program (ARD) and successfully completed the conditions of the program on October 13, 1984. See, appellant's Exhibit "C."

At the time of his arrest Littlepage's firearm license and firearm were confiscated by police. On February 28, 1984, the Philadelphia Police Department sent Littlepage a letter officially informing him that his firearm license was revoked. See appellant's Exhibit "A." Littlepage appealed to the Board of License and Inspection Review which affirmed the revocation of appellant's firearm license.

On appeal Littlepage's first contention is that the board erred in affirming the revocation of the license based on a finding that he had not established a specific need for the license.[1] Although one of the commissioners did make such a comment in passing, it is apparent from the record that a need for the firearm was not the focal point of the hearing. In any event, such need was demonstrated by reference to Littlepage's employment as a correctional officer at the Philadelphia Detention Center and the statement of Lieutenant Lapenta that anyone work-

---

1. Littlepage also contends that the seizure of the license at the time of his arrest violated 18 Pa.C.S. §6109(a) in that the seizure essentially revoked the license prior to the required written notice. By reason of the court's decision, this issue need not be addressed.

ing in the prison is automatically given a permit, subject to revocation.

Littlepage further contends that the board erred in affirming the revocaton of his license based on a determination that he was not a suitable person to possess the firearm license.

In reviewing the decision of a local agency where a complete record is made of the proceedings, the court must affirm the adjudication unless it is in violation of the constitutional rights of appellant, is not in accordance with law or where a finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence. See 2 Pa.C.S. §754. See, also, Board of Pensions and Retirement v. Einhorn, 65 Pa. Commw. 144, 442 A.2d 21, 23 (1982).

Proceedings to revoke licenses are civil in nature and the burden rests on the revoking agency to show by a preponderance of the evidence that such action is justified. See, e.g., Commonwealth v. Rudy, 4 Adams L.J. 57 (1961); Liquor Control Board v. Pope, 89 Dauph. 106 (1968). In the present case, Littlepage's license was revoked pursuant to 18 Pa.C.S. §6109(d) which provides:

"(d). Revocation.—Any such license to carry firearms may be revoked by the person issuing the same, at any time, upon written notice to the holder thereof."

Although the statute gives local authorities the power to revoke firearm licenses, it does not establish any criteria for determining when a license should be revoked. Appellee City of Philadelphia, relying on State v. Newmann, 103 N.J. Super. 83, 246 A.2d 533 (1968), argues that any time a person fails to continually meet the requirements for issuing the

license there are grounds for revocation.[2] Under 18 Pa.C.S. §6109(a), a person may receive a firearms license if the applicant has good reason to fear injury to person or property, has any other proper reason to carry a firearm and is a "suitable" person to be licensed.

At Littlepage's appeal before the Board of Licenses and Inspections Review, Lieutenant Lapenta testified that the police department revocation was predicated on Littlepage's driving under the influence charge and an alleged federal firearms violation that carried a potential sentence of more than one year. Based on this testimony, the city contends that Littlepage's arrest and entry into the ARD program demonstrated poor judgment and indicated that he was not a "suitable person" for licensure.

No further reference was made to any alleged federal firearm violation. With respect to driving under the influence of liquor, the city notes that admission into the ARD program is neither an admission of guilt nor a proclamation of innocence. It contends, however, that an arrest for drunk driving demonstrates poor judgement and justification for the revocation.

This court disagrees with the city's contention and concludes that an arrest for driving under the

---

2. The court recognizes that the Philadelphia Code contains ordinance §10-814 which provides that firearms licenses shall be revoked when a person is convicted of certain enumerated crimes. Enforcement of Ordinance §10-814, however, has been enjoined by the Commonwealth Court, at least as it relates to the issuance of firearms licenses and, presumably, as it would relate to their revocation, see Schneck v. City of Philadelphia, 34 Pa. Commw. 96, 383 A.2d 227 (1978).

influence, without more,[3] cannot satisfy the city's burden to justify the revocation of a firearms license.

Accordingly, the court will enter an order reversing the Board of Licenses and Inspection Review and restoring Littlepage's firearm license.

### ORDER

And now this August 21, 1985, upon consideration of annexed appeal, it is hereby ordered and decreed that appellant's appeal is sustained and that the ruling of the Board of License and Inspection Review is reversed, and further that appellant's firearm permit be immediately restored to him.

---

3. This court would suggest, however, that in the appropriate circumstances, prosecutors should recommend, and judges should include the revocation or suspension of such license as a condition for entry into the ARD program.