**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0603-17T2

IN RE APPLICATION
FOR PERMIT TO CARRY
A HANDGUN OF
MICHAEL P. SIDERIO.

_____

Submitted October 3, 2018 – Decided November 8, 2018

Before Judges Fuentes and Moynihan.

On appeal from Superior Court of New Jersey, Law Division, Cape May County, Municipal Appeal No. 15-003.

Evan F. Nappen, attorney for appellant Michael P. Siderio (Louis P. Nappen, on the brief).

Jeffrey H. Sutherland, Cape May County Prosecutor, attorney for respondent State of New Jersey (Michelle L. DeWeese, Chief Assistant Prosecutor, on the brief).

PER CURIAM

Michael P. Siderio appeals from Judge John C. Porto's order, entered after a plenary hearing, denying appellant's application for a permit to carry a handgun as a retired municipal police officer. Appellant contends:

THE COURT BELOW ERRED BY NOT FINDING THAT APPELLANT MEETS THE REQUIREMENTS FOR ISSUANCE OF A RETIRED LAW ENFORCEMENT IDENTIFICATION CARD [UNDER THE PROVISIONS OF THE FEDERAL LAW ENFORCEMENT OFFICERS SAFETY ACT OF 2004, 18 U.S.C. § 926C (LEOSA)].

a. The Court below erred by finding that the granting of the identification card as a LEOSA "qualified officer" is limited to former <u>full</u>-time service.

b. The Court below erred because, under the LEOSA section, a "qualified retired law enforcement officer" does not need to be "retired" but merely "separated" from service; and N.J.S.[A.] 2C:39-6[(l)] does not otherwise define "retired."

c. The Court below erred in finding that appellant must provide a retired photographic identification from his former employer before being issued this card.

We scrutinized the record developed before the trial court and, mindful of prevailing standards of review, we reject these arguments and affirm.

After concluding the documentary evidence presented was more credible than appellant's testimony, Judge Porto found appellant was appointed as a full-time police officer with the City of Wildwood on December 7, 1981 and resigned in good standing on May 3, 1991.[1]  Appellant contends in his merits brief, and

---

[1] The judge viewed the evidence favorably for appellant.  Civil service documents supplied by appellant list later employment-start dates: December

Judge Porto found from appellant's testimony, that when appellant "separated from service in good standing in 1991, no mechanism exist[ed] by which he could 'retire' with less than [twenty-five] years of service." In his merits brief he also confirms his testimony that he "resigned for family reasons and because, at that time, he did not want to touch his pension," which he later cashed out.

Judge Porto reviewed N.J.S.A. 2C: 39-6(l) and concluded that, in order to qualify for a permit to carry a firearm, appellant "must be a retired law enforcement officer and not one who simply left the police force in good standing." Relying on our decision in In re Wheeler, 433 N.J. Super. 560 (2013), in perpending the references to LEOSA in N.J.S.A. 2C: 39-6(l), the judge also held "satisfying the requirements of LEOSA does not entitle an applicant a higher standing to . . . carry a permit under [N.J.S.A.] 2C:39-6(l)."

We are bound to accept the trial judge's factual findings if they are supported by substantial credible evidence. In re Return of Weapons to J.W.D., 149 N.J. 108, 116 (1997). We exercise de novo review, however, over the judge's legal determinations. Manalapan Realty, LP v. Twp. Comm. of

---

17, 1981 and February 20, 1982. Appellant's letter of resignation is dated April 29, 1991.

A-0603-17T2

Manalapan, 140 N.J. 366, 378 (1995).  We also review questions of statutory interpretation de novo.  Tumpson v. Farina, 218 N.J. 450, 467 (2014).

N.J.S.A. 2C: 39-6(l) sets forth the qualifications for the issuance of special permits to carry a handgun to a retired law enforcement officer:

> Nothing in [the Criminal Code provision criminalizing the unlawful possession of handguns] shall be construed to prevent a law enforcement officer who retired in good standing, including a retirement because of a disability[,] . . . who semi-annually qualifies in the use of the handgun he is permitted to carry in accordance with the requirements and procedures established by the Attorney General pursuant to subsection j. of this section and pays the actual costs associated with those semi-annual qualifications, who is 75 years of age or younger, and who was regularly employed as a full-time member of [various law enforcement agencies]; or is a qualified retired law enforcement officer, as used in the federal [LEOSA], domiciled in this State from carrying a handgun in the same manner as law enforcement officers exempted under paragraph (7) of subsection a. of this section under the conditions provided herein . . . .

We are in full accord with Judge Porto's statutory interpretation.  In construing N.J.S.A. 2C: 39-6(l), he recognized the "overriding philosophy of the Legislature and of the judiciary is to limit the use of guns" and our Supreme Court's holding that "exemptions from gun statutes should be strictly construed to better effectuate the policy of gun control."  State v. Rovito, 99 N.J. 581, 586-

A-0603-17T2

87 (1985). He correctly noted the Court's determination that carry-permit requirements are "the most closely-regulated aspect of [this State's] gun-control laws." In re Preis, 118 N.J. 564, 568 (1990). The judge also followed the Court's mandate:

> In construing any statute, we must give words "their ordinary meaning and significance," recognizing that generally the statutory language is "the best indicator of [the Legislature's] intent." DiProspero v. Penn, 183 N.J. 477, 492 (2005); see also N.J.S.A. 1:1-1 (stating that customarily "words and phrases shall be read and construed with their context, and shall . . . be given their generally accepted meaning"). Each statutory provision must be viewed not in isolation but "in relation to other constituent parts so that a sensible meaning may be given to the whole of the legislative scheme." Wilson ex rel. Manzano v. City of Jersey City, 209 N.J. 558, 572 (2012). We will not presume that the Legislature intended a result different from what is indicated by the plain language or add a qualification to a statute that the Legislature chose to omit. DiProspero, 183 N.J. at 493.
>
> On the other hand, if a plain reading of the statutory language is ambiguous, suggesting "more than one plausible interpretation," or leads to an absurd result, then we may look to extrinsic evidence, such as legislative history, committee reports, and contemporaneous construction in search of the Legislature's intent. Id. at 492-93.
>
> [Tumpson, 218 N.J. at 467-68 (alterations in original).]

A-0603-17T2

Judge Porto concluded, a plain reading of the statute requires first and foremost that an applicant be a law enforcement officer who retired in good standing. As we held in In re Wheeler:

> These special carry permits may be issued to retirees who either served in an enumerated law enforcement agency or served with an agency in another state and are "qualified retired law enforcement officer[s], as [that term is] used in the federal [(LEOSA)] domiciled in this State." N.J.S.A. 2C:39-6[(l)]; In re Casaleggio, 420 N.J. Super. 121, 128-29 (App. Div. 2011).
>
> [433 N.J. Super. at 571 (first two bracketed alterations in original) (emphasis, third, and fourth bracketed alterations added).]

In addition to the retirement prerequisite, N.J.S.A. 2C: 39-6(l) also mandates the permittee: (1) semi-annually qualify in the use of the handgun and pay the costs associated with those qualifications; (2) be age seventy-five years or younger; (3) have had prior regular employment as a full-time member of the listed law enforcement agencies or qualification as a retired law enforcement officer, as used in LEOSA, domiciled in New Jersey. As we recognized in In re Wheeler, the statute's LEOSA provision did not create a separate eligibility classification. 433 N.J. Super. at 582-83. After reviewing the eight categories related to "employment with state, interstate and local law enforcement agencies," we observed,

6

[t]he two remaining categories of retirees eligible for special permits are those who were "full-time federal law enforcement officer[s]" and those domiciled in this State who are eligible as a retiree who is "a qualified retired law enforcement officer" within the meaning of that term as it was defined in LEOSA when adopted in 2004.

[Ibid. (quoting N.J.S.A. 2C: 39-6(l)).]

The enumerated procedures for the issuance of a permit pursuant to N.J.S.A. 2C:39-6(l) make clear that retirement is an essential requirement; "retire" or some derivative thereof is mentioned eighteen times. N.J.S.A. 2C:39-6(l)(1) to (7). The pertinent sections provide:

(1) The retired law enforcement officer shall make application in writing to the Superintendent of State Police for approval to carry a handgun for one year. An application for annual renewal shall be submitted in the same manner.

(2) Upon receipt of the written application of the retired law enforcement officer, the superintendent shall request a verification of service from the chief law enforcement officer of the organization in which the retired officer was last regularly employed as a full-time law enforcement officer prior to retiring. The verification of service shall include:

(a) The name and address of the retired officer;

(b) The date that the retired officer was hired and the date that the officer retired;

. . . .

(d) A statement that, to the reasonable knowledge of the chief law enforcement officer, the <u>retired</u> officer is not subject to any of the restrictions set forth in subsection c. of N.J.S.2C:58-3; and

(e) A statement that the officer <u>retired</u> in good standing.

(3) If the superintendent approves a <u>retired</u> officer's application or reapplication to carry a handgun pursuant to the provisions of this subsection, the superintendent shall notify in writing the chief law enforcement officer of the municipality wherein that <u>retired</u> officer resides. In the event the <u>retired</u> officer resides in a municipality which has no chief law enforcement officer or law enforcement agency, the superintendent shall maintain a record of the approval.

(4) The superintendent shall issue to an approved <u>retired</u> officer an identification card permitting the <u>retired</u> officer to carry a handgun pursuant to this subsection. This identification card shall be valid for one year from the date of issuance and shall be valid throughout the State. The identification card shall not be transferable to any other person. The identification card shall be carried at all times on the person of the <u>retired</u> officer while the <u>retired</u> officer is carrying a handgun. The <u>retired</u> officer shall produce the identification card for review on the demand of any law enforcement officer or authority.

. . . .

(6) A judge of the Superior Court may revoke a <u>retired</u> officer's privilege to carry a handgun pursuant to this subsection for good cause shown on the application of any interested person.

[<u>Ibid.</u> (emphasis added).]

8

Appellant did not retire in good standing; he resigned. He is not entitled, according to the stated terms of the statute, to a permit to carry. In light of the plain meaning of the statute, we need not look to extrinsic evidence to glean the Legislature's intent. See Tumpson, 218 N.J. at 467-68. If we had, we would conduct the same analysis as did Judge Porto in his thorough and well-reasoned oral opinion, relying on our holdings in In re Wheeler and In re Casaleggio, 420 N.J. Super. 121.

The balance of appellant's arguments is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0603-17T2