**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3319-19

IN THE MATTER OF THE
APPEAL OF THE DENIAL
OF A RETIRED LAW EN-
FORCEMENT OFFICER
PERMIT TO CARRY FIRE-
ARMS FOR:

A.A.[1]

_____

Submitted March 24, 2021 – Decided April 23, 2021

Before Judges Geiger and Mitterhoff.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. GP-001-19.

Evan F. Nappen Attorney at Law, PC, attorneys for appellant (Louis P. Nappen, on the brief).

Christopher J. Gramiccioni, Monmouth County Prosecutor, attorney for respondent (Maura K. Tully, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

---

[1] We use petitioner's initials to protect his privacy.

Petitioner A.A. appeals from a March 31, 2020 order of the Law Division which affirmed the denial by the Superintendent of the New Jersey State Police (Superintendent) of his application for a permit to carry a handgun. We affirm, substantially for the reasons set forth in Judge Joseph W. Oxley's succinct and well-reasoned opinion. We add only the following brief comments.

We discern the following facts from the record. Petitioner was employed as a detective for the Mercer County Prosecutor's Office from 2003 to 2018. In May 2017, petitioner was involved in a shooting incident while serving a warrant. In March 2018, Dr. Julie Tropeano diagnosed petitioner with chronic post-traumatic stress disorder (PTSD). In May 2018, petitioner filed an application for accidental disability retirement benefits. In July 2018, Dr. Christopher Williamson also diagnosed petitioner with PTSD and opined it was causally related to the May 2017 incident. Based on its review of petitioner's medical records, the Medical Review Board concluded that he was "totally and permanently disabled" with PTSD as a result of the May 2017 incident and was "unable to resume work as an investigator." In December 2018, the Board of Trustees of the Police and Firemen's Retirement System reviewed and granted petitioner's application for accidental disability retirement benefits.

In April 2019, petitioner filed a timely application pursuant to N.J.S.A. 2C:39-6(l) for approval to carry a handgun as a retired law enforcement officer. Although the chief law enforcement officer (CLEO) found him to be in good standing, she determined that petitioner suffered from a mentally incapacitating disability. By letter dated July 30, 2019, the Superintendent advised petitioner that his application was denied because he was treated for a mental health condition and retired from the Mercer County Prosecutor's Office as a result of PTSD. The Superintendent also denied his application because it was "not in the interest of the public health, safety or welfare of the citizens of the State of New Jersey" to issue him a permit to carry a handgun. Petitioner appealed that decision to the Law Division pursuant to N.J.S.A. 2C:39-6(l)(5).

During an evidentiary hearing on January 3, 2020, petitioner admitted that he was diagnosed with PTSD because of the May 2017 incident. Detective Sergeant Charles Bogdan, the supervisor of the retired police officers' program, testified the Mercer County Prosecutor's Office certified that petitioner was subject to a mentally incapacitating disability. Bogdan confirmed that petitioner had retired with a disqualifying mental medical disability, which was verified by multiple diagnoses. On March 31, 2020, Judge Oxley entered an order affirming the denial of petitioner's application. In his accompanying written

opinion, Judge Oxley concluded that, based on documentary evidence and testimony, petitioner did not satisfy the plain and unambiguous terms of N.J.S.A. 2C:39-6(l).

On appeal, petitioner argues that (1) the trial judge erred in finding that he suffers from a mental health disability under N.J.S.A. 2C:58-3(c)(3); (2) the judge erred in his conclusion because petitioner is a "qualified retired law enforcement officer" under the Law Enforcement Officers Safety Act of 2004 (LEOSA), 18 U.S.C. § 926C; and (3) the denial of his application constituted unlawful discrimination in violation of the Equal Protection Clause and the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 to 12213.[2]

We are bound to accept the trial judge's factual findings if they are supported by substantial credible evidence. In re Return of Weapons to J.W.D., 149 N.J. 108, 116 (1997) (citing Bonnco Petrol, Inc. v. Epstein, 115 N.J. 599, 607 (1989)). We exercise de novo review, however, over the judge's legal

_____

[2]  This argument lacks sufficient merit to warrant extended discussion in a written opinion. R. 2:11-3(e)(1)(E). "The permit to carry a gun is the most closely-regulated aspect of gun-control laws." In re Preis, 118 N.J. 564, 568 (1990). There are rational and legitimate reasons for these regulations, and petitioner has failed to demonstrate that the denial of his application to carry a handgun constitutes unlawful discrimination or contravenes the Equal Protection Clause.

determinations. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) (citations omitted).

N.J.S.A. 2C:39-5(b) makes it unlawful to possess a handgun without first having obtained a permit to do so. However, N.J.S.A. 2C:39-6(l) provides that nothing in N.J.S.A. 2C:39-5(b) prevents a law enforcement officer, who has retired in good standing, from possessing and carrying a firearm so long as the officer:

> was a regularly employed, full-time law enforcement officer for an aggregate of four or more years prior to the officer's disability retirement and further provided that the disability which constituted the basis for the officer's retirement did not involve a certification that the officer was mentally incapacitated for the performance of the officer's usual law enforcement duties . . . .

In this case, Judge Oxley's findings of fact are supported by credible evidence in the record, and he correctly concluded that the plain language of N.J.S.A. 2C:39-6(l) precludes petitioner from obtaining a permit to carry a handgun. Petitioner was not entitled to a permit because his disability, which constituted the basis for his retirement, involved "a certification that [he] was mentally incapacitated for the performance of his usual law enforcement duties . . . ." N.J.S.A. 2C:39-6(l).

A-3319-19

Petitioner contends that he qualifies under LEOSA and, therefore, is entitled to a permit under N.J.S.A. 2C:39-6(l).  We ordinarily do not consider issues that are raised for the first time on appeal.  See State v. Galicia, 210 N.J. 364, 383 (2012) ("Generally, an appellate court will not consider issues, even constitutional ones, which were not raised below.").  Even if we were to consider petitioner's argument, however, it is wholly without merit.  We recently held that "the reference to LEOSA in N.J.S.A. 2C:39-6(l) . . . is intended to accommodate retired law enforcement officers from out of state who have relocated to New Jersey."  In re Casaleggio, 420 N.J. Super. 121, 128-29 (App. Div. 2011).  This is not such a case.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3319-19