STATE OF NEW JERSEY, PLAINTIFF, v.
ANDREW D. NICOL, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided August 30, 1972.

Mr. *Adam Lawrence,* Assistant Prosecutor, Bergen County, for plaintiff (*George F. Kugler, Jr.,* Attorney General of New Jersey, attorney).

Mr. *James A. Major II* for defendant (*Messrs. Major & Major,* attorneys).

SIMPSON, J. C. C. (temporarily assigned). Defendant moves to dismiss an indictment charging him with violation of *N. J. S. A.* 2A:151–41, carrying a pistol or revolver

without a permit. The indictment arose out of an incident that occurred while defendant was serving a subpoena, in connection with a civil action, upon one Malvern Burroughs. An altercation had taken place and cross-complaints were filed charging disorderly persons offenses of assault and battery. Burroughs was also charged with contempt of court. Although the details of the incident are not germane to the present inquiry, and there was a factual dispute concerning the appearance of the gun, this occurrence is an example of the dangers of misuse and accidental use when such weapons are carried. *Siccardi v. State,* 59 *N. J.* 545 (1971); *Reilly v. State,* 59 *N. J.* 559 (1971).

For purposes of this motion, the prosecutor and defendant's counsel stipulated the following facts:

1. That on November 12, 1971 defendant Andrew D. Nicol was a constable of the Borough of River Edge, Bergen County, New Jersey.

2. On that date defendant had a revolver in his possession.

3. Defendant did not have a permit for the revolver.

4. On the occasion in question defendant was engaged in the process of serving a subpoena upon one Malvern Burroughs in Oakland, New Jersey, in connection with a civil suit then pending in the Superior Court of New Jersey, Law Division, Bergen County, in which suit Alsan Realty Co. was plaintiff, and M. Burroughs & Son, Inc. was defendant.

5. The subpoena was issued by Donald Horowitz, attorney for plaintiff.

6. At the time and place in question defendant was not engaged in the performance of any duties for the Borough of River Edge.

7. In 1967 defendant had applied to Judge Kole for a permit to carry a revolver, and such permit was issued.

8. In 1968 defendant had applied to Judge Arnold for a permit to carry a revolver, and such permit was issued.

9. In 1969 defendant had applied to Judge Kole for a permit to carry a revolver, and such permit was issued.

10. In 1970 an application was made by defendant to Judge Kole for a permit to carry a revolver. A question then arose as to the necessity of defendant having a permit, and his application was then withdrawn.

11. On November 12, 1971, and since 1959, defendant was a member in good standing of the New Jersey Detective Agency, organized on December 23, 1870 and chartered April 4, 1871 under L. 1871, c. 457.

I

*N. J. S. A.* 2A:151–41 provides, in pertinent part, that with certain exceptions no one shall carry pistols or revolvers without a permit. Nicol did not have a permit. He relies on the exception in *N. J. S. A.* 2A:151–43 subd. f which provides that *N. J. S. A.* 2A:151–41 is not applicable to

> Any jailer, constable, railway police, or any other peace officer, when in discharge of his duties.

At the time of the occurrence defendant was not discharging his duties as a constable of the Borough of River Edge. Instead, he was serving a subpoena for an attorney in connection with a civil action, as anyone over the age of 18 may do pursuant to *R.* 1:9–3. Some sections of *N. J. S. A.* 2A:151–43 permit certain persons, such as United States marshals and prosecutor's detectives, to carry weapons at all times without permits. Other sections, such as those applicable to court attendants and members of the armed forces, limit the exception to periods of time by phrases such as "while in the performance of his duties" and "when on duty." As cited above, the exception only applies to a constable "when in discharge of his duties," and in the context of the overall provisions of *N. J. S. A.* 2A:151–43 there can be no doubt as to the plain meaning of these words.

Under the stipulated facts defendant was carrying a revolver during a period of nonconstabulary duties. Accord-

ingly, the indictment may not be quashed on this ground. In the event Nicol was en route to performance of constabulary duties at the time he was serving the subpoena, a different question might be presented, but the stipulation of facts does not cover this possibility.

## II

At the time in question, it was also stipulated that defendant was a member in good standing of the New Jersey Detective Agency. This organization was incorporated under *L.* 1871, *c.* 457, and section 5 thereof provides:

That the members of said agency shall have and possess the same powers and authority that constables and policemen have by law in the several cities, townships and counties, in which they may act in all criminal matters, and that it shall be lawful for them to serve any criminal process which constables and sheriffs may serve.

The 1871 act incorporating the New Jersey Detective Association has an unusual history. *L.* 1938, *c.* 214 purported to repeal *L.* 1871, *c.* 457. The purported repealer, however, was held null and void for the reasons set forth in *In re Miller,* 122 *N. J. L.* 176 (Sup. Ct. 1939). In any event, nothing in *N. J. S. A.* 15:4–1 *et seq.* pertaining to detective associations, or in *N. J. S. A.* 45:19–8 *et seq.* pertaining to private detectives, purports to exempt private detectives or members of detective associations from the permit requirements of *N. J. S. A.* 2A:151– 41 *et seq.*

Even if the above-cited section 5 of the 1871 act incorporating the New Jersey Detective Association was deemed to give its members, such as Nicol, the broadest rights of "policemen" (*e. g.,* to carry weapons pursuant to *N. J. S. A.* 2A:151–43, subd. d), such authority by the very terms of this ancient legislation is limited to acting in criminal matters and serving criminal process. Again, the stipulation of

facts does not cover the possibility of defendant being en route to any such duty at the time of the occurrence giving rise to the present litigation, so that no opinion is expressed thereon.

For the foregoing reasons, the motion to quash the indictment is denied.