**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5551-18T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

LAVAR REYNOLDS,

    Defendant-Appellant.

_____

Submitted January 4, 2021 – Decided January 25, 2021

Before Judges Fasciale and Mayer.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 15-08-0671.

Joseph E. Krakora, Public Defender, attorney for appellant (Cody T. Mason, Assistant Deputy Public Defender, of counsel and on the briefs).

Gurbir S. Grewal, Attorney General, attorney for respondent (William P. Cooper-Daub, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Lavar Reynolds appeals from a June 24, 2019 judgment of conviction after pleading guilty to fourth-degree violation of a firearms regulations, N.J.S.A. 2C:39-10(a). Defendant's guilty plea preserved the right to appeal denial of his motions to dismiss the charges and reconsideration. We affirm the conviction but remand for resentencing.

On October 11, 2014, defendant worked as a private security guard for an after-hours party at a nightclub in Passaic County. Defendant had a nine-millimeter handgun during the event. While the gun was registered and defendant had a permit to own the weapon, he lacked a permit to carry the handgun.[1]

While working security for the event, defendant and another individual were arrested for failing to have the requisite carry permits for their guns. At the time of his arrest, defendant was a constable, having been appointed by the City of Paterson Municipal Council. His term as a constable ran from July 1, 2013, to June 30, 2016.

On August 10, 2015, defendant was indicted on one count of second-degree misconduct, N.J.S.A. 2C:30-2(a), and one count of second-degree

---

[1] N.J.S.A. 2C:39-5(b) prohibits possession of a handgun without obtaining a permit to carry the weapon.

unlawful possession of a weapon, N.J.S.A. 2C:39-5(b).[2] Defendant filed a motion to dismiss the charges, which was heard on July 25, 2016. As a constable, defendant claimed he was permitted to carry a firearm without a permit in accordance with exceptions under state and federal statutes. The judge denied the motion, stating ". . . I've listened to the arguments of counsel and [t]he [c]ourt's decided to rule in favor of [t]he State on this. I don't believe that the federal law permits [c]onstables to carry firearms under the circumstances."

In April 2019, defendant moved for reconsideration regarding dismissal of the charges. A different judge heard the reconsideration motion. After considering defendant's arguments anew, the judge denied defendant's motion dismiss.

The judge first reconsidered whether the exceptions in the State statute, N.J.S.A. 2C:39-6, allowed him to carry a firearm without a permit. The judge determined the statute's exception applied if the person had a contract with a governmental agency for the supervision or transportation of persons charged with or convicted of an offense. Defendant conceded he did not supervise or

---

[2] The other individual arrested with defendant was charged with the same offenses and pleaded guilty to the weapons charge in exchange for the State's dismissal of the misconduct charge and recommendation of probation.

transport persons charged with offenses. Nor did defendant produce a contract or other agreement with any governmental agency to perform such tasks.

Further, in rejecting defendant's argument under the New Jersey statute, the judge also noted the State adopted strict gun control laws. According to the judge, if the State sought to include constables as persons allowed to carry a weapon without a permit, the Legislature would have said so.

Defendant also argued federal law, specifically the Law Enforcement Officers Safety Act of 2004 ("LEOSA" or "Act"), 18 U.S.C. § 926B, allowed him to carry a weapon without a permit. The judge found defendant did not qualify for an exemption under LEOSA because he was not paid by the County, municipality, or any other government agency as an employee for his work as a constable. He further determined defendant was not a "qualified law enforcement officer" consistent with the Act, and lacked the necessary identification card to qualify for an exemption under LEOSA.

Based on denial of defendant's motions to dismiss the charges, the matter was scheduled for trial. On May 6, 2019, after jury selection, defendant requested renewal of plea discussions. The judge agreed, and defendant entered into a conditional plea to an amended charge of fourth-degree violation of a firearms regulation, N.J.S.A. 2C:39-10(a)(1). In exchange, the State agreed to

4

dismiss the misconduct charge and recommend probation with 364 days in the county jail.

Defendant was sentenced on June 14, 2019. The judge had "some serious misgivings" regarding the recommended sentence. He noted the State argued defendant "had the temerity to challenge the constitutionality" of the statutory exemptions related to right to carry a firearm without a permit and thus sought imposition of a "punitive" sanction against defendant. The judge acknowledged his ability to "undercut this plea," but stated "the ramifications would be such that it would have a spill over effect on many other cases" and "would negatively impact many other people."

The judge then reviewed the aggravating and mitigating factors. He found aggravating factor one, the need to deter future violations of the law, based on defendant's status as a constable. In reviewing the mitigating factors, the judge found mitigating factor ten applicable because defendant would make "a good probationer." He also determined defendant's leading a law-abiding life for a substantial period of time rendered mitigating factor seven applicable. The judge also considered a non-statutory factor, defendant's work history, in finding the "mitigating factors substantially outweighed the aggravating factors . . . ." Notwithstanding this finding, the judge explained defendant had "prior contacts

5

with the criminal justice system" which would "vitiate . . . the presumption against incarceration."  The judge sentenced defendant in accordance with the prosecutor's recommendation.  Because the State agreed, the judge stayed the sentence pending defendant's appeal from the denial of the motions to dismiss the charges.

On appeal, defendant raises the following arguments:

POINT I

> DEFENDANT WAS PERMITTED TO CARRY A FIREARM BECAUSE HE WAS A LAWFULLY EMPLOYED CONSTABLE.
>
> > A.   Defendant Was a "Qualified Law Officer" and Permitted to Carry a Firearm Under Federal Law.
> >
> > B.   Defendant Could Carry a Gun Under State Law Because He Supervised Arrestees and Was Performing Official Duties.

POINT II

> RESENTENCING IS REQUIRED BECAUSE THE TRIAL COURT IMPOSED A CUSTODIAL TERM THAT IT BELIEVED WAS UNWARRANTED AND BECAUSE THE RECORD AMPLY SUPPORTED ADDITIONAL MITIGATING FACTORS.

A-5551-18T1

Dismissal of an indictment is left to the sound discretion of the trial judge and will be reversed only for abuse of discretion. State v. Warmbrun, 277 N.J. Super. 51, 59 (App. Div. 1994). An indictment should only be dismissed on the clearest and plainest ground, where it is manifestly deficient and palpably defective. State v. Hogan, 144 N.J. 216, 228-29 (1996). Generally, "[d]ismissal is the last resort because the public interest, the rights of victims and the integrity of the criminal justice system are at stake." State v. Williams, 441 N.J. Super. 266, 272 (App. Div. 2015) (quoting State v. Ruffin, 371 N.J. Super. 371, 384 (App. Div. 2004)).

We defer to a trial court's findings of fact, which "should not be disturbed simply because an appellate court 'might have reached a different conclusion were it the trial tribunal.'" State v. Handy, 206 N.J. 39, 44-45 (2011) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). However, legal conclusions by a trial court are reviewed de novo. State v. Reece, 222 N.J. 154, 167 (2015).

We first consider whether defendant, as a constable, was exempt pursuant to State law from the requirement that he have a permit to carry a firearm. Defendant argued he qualified for an exemption under N.J.S.A. 2C:39-6(c).

Specifically, defendant claimed the judge erred in rejecting his exemption under subsection (15) and subsection (1) of the statute.[3] We disagree.

N.J.S.A. 2C:39-6(c) sets forth exemptions to N.J.S.A. 2C:39-5, requiring a permit to carry a handgun. N.J.S.A. 2C:39-6(c) reads in relevant part:

> (1) A special agent of the Division of Taxation who has passed an examination in an approved police training program testing proficiency in the handling of any firearm which the agent may be required to carry, while in the actual performance of the agent's official duties and while going to or from the agent's place of duty, or any other police officer, while in the actual performance of the officer's official duties; [or]
>
> . . . .
>
> (15) A person or employee of any person who, pursuant to and as required by a contract with a governmental entity, supervises or transports persons charged with or convicted of an offense . . . .

The judge found the exemptions set forth in N.J.S.A. 2C:39-6 did not apply to defendant. The judge explained he was "not satisfied that constable [wa]s a law enforcement office[r]" or that constables were covered by the statute. The judge rejected the contention that defendant was essentially a police

---

[3] Defendant did not present his argument for an exemption under subsection (1) to the trial judge.

officer, invoking the maxim "expressio unius est exclusio alterius,"[4] and concluded if the Legislature intended constables to be exempt from N.J.S.A. 2C:39-5, it would have specifically referenced constables in N.J.S.A. 2C:39-6.

The statute's legislative history also supports the judge's determination. Previously, constables were authorized to carry a firearm without a permit. See State v. Nicol, 120 N.J. Super. 503, 506 (Law Div. 1972) (describing N.J.S.A. 2A:151-43(f), which provided a permit to carry a firearm was inapplicable to "[a]ny jailer, constable, railway police, or any other peace officer, when in discharge of his duties."). However, the constable exemption to the carry permit requirement was removed in 1979 upon the State's adoption of the Code of Criminal Justice. In re Rawls, 197 N.J. Super. 78, 88 n.2 (Law Div. 1984). While the Legislature could have continued allowing constables to carry firearms without a permit, it chose to remove the exemption.

The judge also noted New Jersey's strong position as a "gun control state" and the Legislature's historical approach to "narrowly constru[ing] exceptions to the gun carrying law" in determining defendant did not qualify for an exemption under N.J.S.A. 2C:39-6. See State v. Rovito, 99 N.J. 581, 587 (1985)

---

[4]   A well-known cannon of statutory construction, the phrase means the expression of one thing suggests the exclusion of another left unmentioned. See Brodsky v. Grinnell Haulers, Inc., 181 N.J. 102, 112 (2004).

("[E]xemptions from gun statutes should be strictly construed to better effectuate the policy of gun control."); see also In re Preis, 118 N.J. 564, 569 (1990) ("Very few persons are exempt from the criminal provisions for carrying a gun without a permit.").

We are satisfied defendant did not qualify for an exemption under N.J.S.A. 2C:39-6(c). Subsection (15) of this statute requires an individual to undertake responsibility for supervising or transporting persons charged with an offense pursuant to a government contract. While defendant may have been authorized to supervise or transport persons charged with an offense in his capacity as a constable, he was not performing such duties at the time of his arrest. In fact, defendant never supervised or transported prisoners. Further, defendant did not claim he had a contract to perform such duties. Thus, the judge properly determined defendant did not qualify for an exemption under subsection (15).

For the first time on appeal, defendant asserts he was permitted to carry a gun without a permit under N.J.S.A. 2C:39-6(c)(1), which allows individuals to carry firearms pursuant to "official duties." He argues constables have additional powers and privileges that have "grow[n] out of their official standing . . . ." State v. Grimes, 235 N.J. Super. 75, 87 (App. Div. 1989).

In reviewing the record, we discern constables work for private hire and are not paid for their work by a governmental agency. Working security at a private function, as did defendant at the time of his arrest, does not constitute "official duties" to qualify for an exemption under N.J.S.A. 2C:39-6(c)(1). Adopting defendant's logic would mean all work performed by a constable, including the rendering of services on behalf of private persons, constitutes "official duties." Such a reading of the exemption is overly broad and inconsistent with the statutory intent to limit the exemption from the carry permit requirement to persons acting within the scope of their "official duties."

We next consider defendant's argument he was exempt from the carry permit requirement as a constable under federal law pursuant to LEOSA. LEOSA preempts state laws by granting qualified immunity to certain law enforcement officers and allowing those individuals to carry concealed firearms. See 18 U.S.C. § 926B. The Act provides:

> (a) Notwithstanding any other provision of the law of any State or any political subdivision thereof, an individual who is a qualified law enforcement officer and who is carrying the identification required by subsection (d) may carry a concealed firearm that has been shipped or transported in interstate or foreign commerce, subject to subsection (b).
>
> [18 U.S.C. § 926B(a).]

11

To be exempt under LEOSA, an individual must (1) be a qualified law enforcement officer and (2) have the necessary identification.

A "qualified law enforcement officer" is defined as "an employee of a governmental agency who":

> (1) is authorized by law to engage in or supervise the prevention, detection, investigation, or prosecution of, or the incarceration of any person for, any violation of law, and has statutory powers of arrest or apprehension under [10 U.S.C. § 807(b)];
>
> (2) is authorized by the agency to carry a firearm;
>
> (3) is not the subject of any disciplinary action by the agency which could result in suspension or loss of police powers;
>
> (4) meets standards, if any, established by the agency which require the employee to regularly qualify in the use of a firearm;
>
> (5) is not under the influence of alcohol or another intoxicating or hallucinatory drug or substance; and
>
> (6) is not prohibited by Federal law from receiving a firearm.
>
> [18 U.S.C. § 926B(c).]

The judge determined LEOSA did not "apply for the reasons already indicated under the state [law exemption] analysis" because defendant was not

12

"employed as a police officer . . . or law enforcement, or [by an] agency." The judge held:

> [W]hile defendant [was] a constable, . . . he [was] not [part of] a police department. He wasn't authorized by a police department to take the test and be exempted from having the carry permit. Even if I granted you that he was law enforcement and I don't . . . grant you because I'm not satisfied that a constable is a law enforcement office[r] any more than broadly defined a judge would be. Or other public servants.
>
> I—I don't find that he falls within [an] exception either because I don't see that imprimatur from a police department. Nor is he a special law enforcement officer. Nor is he an airport security officer which are three specific exceptions . . . .

The judge reasoned the powers accorded to defendant as a constable were no different than the powers granted to other public servants, therefore he was not a qualified law enforcement officer under LEOSA.

In addition, the judge concluded a constable was not authorized to carry a firearm "consistent with the restrictive nature of the State's gun control policy." See In re Casaleggio, 420 N.J. Super. 121, 126 (App. Div. 2011) (denying a retired assistant prosecutor's application for a carry permit under LEOSA based on the State's restrictive gun policy). Because "exceptions from gun statutes should be strictly . . . construed to better effectuate the policy of gun control," the judge determined defendant could not carry a firearm absent a permit.

A-5551-18T1

We are satisfied the judge correctly concluded defendant was not a qualified law enforcement officer to be exempt from the carry permit requirement under LEOSA. First, defendant was not paid as an employee for his work as a constable by any governmental agency. To the contrary, to be a constable, defendant was required to pay the municipality an annual fee. See N.J.S.A. 40A:9-12. Second, defendant failed to demonstrate he was authorized to carry a firearm pursuant to LEOSA. There is no language in the Paterson Municipal Code permitting a constable to carry a gun. We concur with the trial judge, the right to carry a gun absent a permit "ha[d] to be specifically provided . . . under standard statutory construction." In the absence of unambiguous authorizing language, defendant was not authorized to carry a firearm under LEOSA.

Further, defendant failed to present the necessary identification to qualify for an exemption under LEOSA. Pursuant to LEOSA, "[t]he identification required . . . is the photographic identification issued by the governmental agency for which the individual is employed that identifies the employee as a police officer or law enforcement officer of the agency." 18 U.S.C. § 926B(d). Here, defendant's identification cards did not satisfy the requirements to trigger an exemption under LEOSA. The Office of Emergency Management card

14

produced by defendant was unrelated to his appointment as a constable.[5]

Further, defendant's constable cards did not identify him as a police officer or law enforcement officer.

After examining the record, we are satisfied the judge properly denied defendant's motions to dismiss the indictment because the state and federal statutory exemptions were inapplicable to defendant as a matter of law.

Thus, we turn to defendant's argument that the judge's qualitative analysis during the sentencing hearing did not support the imposition of a custodial term and the matter should be remanded for resentencing. We agree.

Our "review of sentencing decisions is relatively narrow and is governed by an abuse of discretion standard." State v. Blackmon, 202 N.J. 283, 297 (2010). Sentencing courts are instructed to consider relevant aggravating and mitigating factors to ensure a sentence is reasonable and fair. State v. Natale, 184 N.J. 458, 488 (2005). In sentencing, courts must engage in this required analysis rather than "simply accept[ing] the terms of a plea agreement." State v. Warren, 115 N.J. 433, 447 (1989) (citing State v. Spinks, 66 N.J. 568 (1975)). However, "appellate courts are cautioned not to substitute their judgment for

---

[5] Defendant's Office of Emergency Management card produce to the trial court expired prior to the date of defendant's arrest.

those of [the] sentencing courts." State v. Case, 220 N.J. 49, 65 (2014) (citing State v. Lawless, 214 N.J. 594, 606 (2013)). If a sentence "shock[s] the judicial conscience" or "the trial court fail[ed] to identify relevant aggravating and mitigating factors, or merely enumerates them, or foregoes a qualitative analysis, or provides little 'insight into the sentencing decision,' the deferential standard will not apply." Ibid. (quoting State v. Kruse, 105 N.J. 354, 363 (1987)). No deference is afforded if the sentencing court failed to follow the sentencing guidelines. State v. Fuentes, 217 N.J. 57, 70 (2014).

Here, the judge sentenced defendant in accordance with the State's plea recommendation despite finding the following mitigating factors: factor seven, N.J.S.A. 2C:44-1(b)(7), defendant "led a lifetime . . . crime free[,];" factor ten, N.J.S.A. 2C:44-1(b)(10), defendant would "make a good probationer[;]" and one non-statutory mitigating factor, defendant's work history. In analyzing the aggravating factors, the judge found only factor nine, N.J.S.A. 2C:44-1(a)(9), the need to deter "defendant and others from violating the law," applicable. The judge also noted defendant's prior criminal history as negating the presumption against incarceration. In accordance with the plea agreement, the judge sentenced defendant to one-year probation conditioned on 364 days in a county jail.

Despite finding the "mitigating factors substantially outweigh[ed] the aggravating factors," and suggesting jail time might not be appropriate under the circumstances, the judge imposed a custodial term, explaining he did not want to "undercut [t]he State" or "negatively impact . . . other people." These reasons were insufficient to support the sentence.

The judge expressed "serious misgivings" with the State's sentencing recommendation but felt "bound" by the recommendation. The judge noted the State's position on sentencing reflected a "punitive" posture and suggested the sentence served as a "sanction" for defendant's "temerity to challenge" the gun charge. In addition, the judge found defendant "very sympathetic" and an "upstanding person." Based on the judge's statements during sentencing, we are satisfied he failed to conduct the necessary qualitative analysis to ensure defendant's "individual characteristics and circumstances" were addressed prior to imposing the sentence. Therefore, we remand to the trial court for resentencing.

Because we remand for resentencing, defendant may raise any additional mitigating factors for the judge's consideration. We leave it to the trial court to address the applicability of additional mitigating factors offered by defendant at resentencing.

A-5551-18T1

Affirmed as to the conviction and remanded for resentencing.  We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION